Argued and submitted July 7, affirmed August 13, 2003

Dorothy SNOW,
*Appellant,*

*v.*

Travis Justin SNOW
and Rachel Snow, nka Rachel Holmen,
*Respondents.*

15-01-12967; A117910

74 P3d 1137

Michael S. Evans argued the cause for appellant. With him on the briefs was Evans & Zusman, P.C.

George W. Kelly argued the cause and filed the brief for respondent Travis Justin Snow.

No appearance for respondent Rachel Snow.

Before Haselton, Presiding Judge, and Wollheim and Brewer, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Petitioner Dorothy Snow appeals, challenging the dismissal of her petition for custody of her granddaughter pursuant to ORS 109.119. The trial court determined that it lacked subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). ORS 109.701 - 109.834. As described below, we conclude that the petition sought to "modify a child custody determination made by a court of another state," ORS 109.747, and that the jurisdictional prerequisites for such a modification were not satisfied. Consequently, we affirm.

For purposes of our review only, the following material historical and procedural facts are undisputed. Respondents Travis Snow (father) and Rachel Holmen (mother) are the parents of "S" who is now nine years old. Petitioner is Travis Snow's mother, and S's paternal grandmother. Petitioner acted as S's primary caregiver from mid-1995 until June 2001.

In 1995, respondents were divorced in North Dakota. The North Dakota judgment and decree of dissolution awarded father "sole legal and physical custody of" S, while specifying that mother "shall have reasonable visitation rights."

Shortly after the divorce, father moved to Oregon, leaving S with petitioner in North Dakota. In 1997, petitioner moved with S to Oregon to join father. Mother remained in North Dakota and, except for a brief move to Florida, has continued to live there at all material times.

In June 2001, petitioner became concerned that S had experienced physical injuries, and might have suffered physical abuse, while on a camping trip with father. An altercation ensued, and father, over petitioner's protests, removed S from petitioner's home in Eugene and took her to California. Father subsequently took S to England, where she lives with father's half-sister.[1]

---

[1] Petitioner filed an action in English courts to compel S's return to Oregon. Those proceedings are immaterial to our disposition.

In July 2001, petitioner filed a petition pursuant to ORS 109.119, seeking custody of S.[2] That petition, which named only father as a respondent, asserted, *inter alia*, that (1) mother "has had no contact with [S] for over six years and her whereabouts are unknown"; (2) "Oregon is [S's] home state * * * and it appears that no other state would have jurisdiction"; and (3) petitioner should be awarded sole custody of S "subject to reasonable supervised parenting time with her father."

Ultimately, after the entry of a default judgment of custody, which was subsequently set aside, petitioner amended her petition to name mother as an additional respondent. The amended petition alleged, and acknowledged, that mother was currently a North Dakota resident and that the North Dakota dissolution judgment and decree "awarded custody of [S] to [father] subject to reasonable visitation by the mother." While petitioner continued to allege that she should be awarded sole custody of S, the amended petition acknowledged that such an award should be subject to the allowance of reasonable supervised parenting time with mother, as well as father. Both respondents appeared and opposed the amended petition.

Before trial, petitioner filed several *in limine* motions, including a motion for determination of jurisdiction. Petitioner argued, in part, that Oregon had jurisdiction under the UCCJEA because it was "the home state of [S], father, and grandmother for the past four years" and because it was "the most convenient forum" in that "most evidence concerning the child's formative years and relationships is in Oregon."

Father responded that Oregon lacked jurisdiction to make a custody determination under the UCCJEA because

---

[2] ORS 109.119(1) (1999) provided:

"Any person, including but not limited to a related or nonrelated foster parent, stepparent or relative by blood or marriage who has established emotional ties creating a child-parent relationship or an ongoing personal relationship with a child, or any legal grandparent may petition or file a motion for intervention with the court having jurisdiction over the custody, placement, guardianship or wardship of that child, or if no such proceedings are pending, may petition the court for the county in which the minor child resides for an order providing for relief under subsection (3) of this section."

mother continued to live in North Dakota, "which is the state which made the initial determination regarding custody." Father asserted, particularly, that North Dakota had neither affirmatively determined that "it does not have exclusive, continuing jurisdiction" nor that Oregon was "the most convenient forum."

The trial court dismissed the petition, concluding that Oregon "does not have subject matter jurisdiction" under the UCCJEA and that "continuing jurisdiction" resides in North Dakota. The judgment of dismissal does not identify specific provisions of the UCCJEA as compelling that disposition.

On appeal, the parties dispute the applicability and operation of various UCCJEA provisions, including ORS 109.744 ("exclusive, continuing jurisdiction"); ORS 109.757(1) (pendency of another "proceeding concerning the custody of the child"); and ORS 109.747 (modification of child custody determination). As amplified below, we conclude that ORS 109.747 is dispositive and, consequently, we do not address the potential applicability of other UCCJEA provisions that might also preclude subject matter jurisdiction.

ORS 109.747 provides:

"Except as otherwise provided in ORS 109.751,[3] a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under ORS 109.741(1)(a) or (b) and:

"(1) The court of the other state determines that it no longer has exclusive, continuing jurisdiction under ORS 109.744 or that a court of this state would be a more convenient forum under ORS 109.761; or

"(2) A court of this state or a court of the other state determines that the child, the child's parents and any person acting as a parent do not presently reside in the other state."

---

[3] ORS 109.751, which pertains to the exercise of "temporary emergency jurisdiction," is inapposite here.

The application of that statute to this petition depends on the resolution of two questions. First, did the ORS 109.119 petition here seek to "modify a child custody determination made by a court of another state"? Second, if so, were the requisites of modification jurisdiction under ORS 109.747 satisfied in this case?

The omnibus definitional provision of the UCCJEA, ORS 109.704, defines both "modification" and "child custody determination." ORS 109.704(11) provides:

> " 'Modification' means a child custody determination that changes, replaces, supersedes or is otherwise made after a previous determination concerning the same child, whether or not it is made by the court that made the previous determination."

ORS 109.704(3), in turn, provides:

> " 'Child custody determination' means a judgment, decree or other order of a court providing for the legal custody, physical custody, parenting time or visitation with respect to a child. 'Child custody determination' includes a permanent, temporary, initial and modification order. 'Child custody determination' does not include an order relating to child support or other monetary obligation of an individual."

Applying those definitions to this case, the petition here seeks to "modify" the "child custody determination" rendered in the 1995 North Dakota judgment and decree of dissolution. Petitioner seeks sole custody of S. A judgment granting such relief would, necessarily, "change," "replace," or "supersede" the North Dakota court's prior award of sole custody to father. The plain language of ORS 109.747, read in conjunction with ORS 109.704(3) and (11), is conclusive. Nothing in the context of the UCCJEA contradicts that construction.

Petitioner argues, nevertheless, that subjecting her petition to the jurisdictional strictures of ORS 109.747 cannot be reconciled with our analysis and holding in *Fenimore v. Smith*, 145 Or App 501, 930 P2d 892 (1996), *rev den*, 326 Or 389 (1998). We disagree.

In *Fenimore*, the petitioner was the stepfather of a 12-year-old child. The child's mother and father had been divorced in California, when the child was three years old, and the California court awarded joint legal custody to both parents, with physical custody being awarded to the mother. *Fenimore*, 145 Or App at 503-04. After the divorce, the mother married the stepfather, and the child grew up in their home in California. When the child was 11, she moved with her mother and stepfather to Oregon. *Id.* at 504. A few months later, her mother died. The father and the stepfather disputed custody, and the stepfather filed a petition in an Oregon court seeking custody pursuant to the then-extant version of ORS 109.119. *Id.* at 504-06. The trial court dismissed the petition for lack of jurisdiction under the predecessor to the UCCJEA, the Uniform Child Custody Jurisdiction Act (UCCJA). *Id.*

On appeal, we reversed that dismissal. In so holding, we observed:

"*It is important to keep in mind that this is an initial action seeking custody pursuant to ORS 109.119.* * * *

"However, under the UCCJA even if there is a jurisdictional basis in Oregon for this child custody proceeding, Oregon would be barred from exercising that jurisdiction if there were a pending custody action in another state at the time the Oregon petition was filed, ORS 109.760, or if a modification of another state's custody decree was sought and that state retained and had not declined jurisdiction, ORS 109.840. *Here, neither bar applies.* There was no pending custody action when stepfather brought this proceeding. *The modification bar of the UCCJA is also inapplicable as this is an initial custody proceeding between stepfather and father, not the modification of the divorce decree between mother and father.*"

145 Or App at 506 (emphasis added; footnote omitted). Petitioner invokes the emphasized language as compelling the conclusion that her ORS 109.119 petition cannot be deemed to seek "modification" within the meaning of ORS 109.747.

*Fenimore* is substantively distinguishable, and noncontrolling, because it was decided under a different statute, the UCCJA, not the UCCJEA, and the pertinent statutory

provisions are materially different. The UCCJA's "modification jurisdiction" provision, ORS 109.840(1) (1995), read as follows:

> "If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with ORS 109.700 to 109.930 or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction."

The UCCJA included no definition of "modify" or "modification" but did define "modification decree" as:

> "[A] custody decree which modifies or replaces a prior decree, whether made by the court which rendered the prior decree or by another court."

ORS 109.710(7) (1995).[4]

■ Thus, under the UCCJA, "modification" connoted alteration or replacement of the prior decree. Conversely, under the UCCJEA, "modification" seems much more broadly to encompass any child custody determination that "changes, replaces, [or] supersedes" any "previous determination concerning the same child." Given that distinction, while ORS 109.840(1) (1995) could be narrowly construed (as in *Fenimore*) to apply only to literal modification of the same judgment or decree, ORS 109.747 is not plausibly susceptible to such a construction.[5] Under ORS 109.747, it is irrelevant whether modification is sought in a continuation of the original proceeding or in a new proceeding, or even whether the party seeking custody was a party to the original proceeding—so long as the petition seeks to change, replace, or

---

[4] Our opinion in *Fenimore* did not quote, much less construe, either of those provisions.

[5] We note one final consideration that may have underlay our analysis in *Fenimore*: There, the mother, who had been awarded physical custody, had died; consequently, the stepfather's petition did not seek to divest the custodial parent of custody, effectively nullifying the prior judgment. Here, however, that is precisely the relief that petitioner seeks. If she were successful, father would be divested of custody in complete contravention of the North Dakota judgment.

supersede the prior award of custody, it seeks "modification" and must satisfy the statute's jurisdictional requisites.

We thus conclude that the petition here is subject to ORS 109.747. Under the statute, the court can exercise modification jurisdiction only if two cumulative conditions are satisfied. First, the Oregon court must have jurisdiction to make an initial determination under ORS 109.741(1)(a) and (b). And, second, *either* (1) the court of the other state must determine that it no longer has "exclusive, continuing jurisdiction," as described in ORS 109.744, or that the Oregon court would be a "more convenient forum," ORS 109.747(1); *or* (2) either the Oregon court or the court of the other state must determine that "the child's parents and any person acting as a parent do not presently reside in the other state." ORS 109.747(2).

■       We need not address, and decide, whether the first of those two cumulative conditions is satisfied,[6] because the second is not. In particular, the North Dakota court has not determined that it no longer has "exclusive, continuing jurisdiction" or that Oregon would be a "more convenient forum." ORS 109.747(1). Further, because mother continues to live in North Dakota, no court could render the necessary determination under ORS 109.747(2). In sum, ORS 109.747 precludes subject matter jurisdiction. The trial court correctly dismissed the petition.

Finally, petitioner argues that, regardless of the correctness of the dismissal, the trial court was obligated, before dismissing, to stay the proceedings and communicate with the North Dakota court pursuant to ORS 109.757(2). Petitioner never raised that contention in the trial court, and, accordingly, it is not preserved for appeal. We decline to consider it.

Affirmed.

---

[6] *Cf. Medill and Medill*, 179 Or App 630, 40 P3d 1087 (2002) (addressing relationship between ORS 109.741 and ORS 109.744).