(83 P.3d 1248)
No. 90,508

In the Matter of the Marriage of DENISE KENDALL RUTH,
*Appellant,* v. JOHN FOSTER RUTH, *Appellee.*

Opinion filed
February 6, 2004.

*Roger M. Gibbons,* of Gibbons Law Office, of Osage Beach, Missouri, for appellant.

No appearance by appellee.

Before MARQUARDT, P.J., ELLIOTT, J., and PHILIP C. VIEUX, District Judge, assigned.

MARQUARDT, J.: Denise Kendall Ruth appeals the trial court's modification of Denise and John Foster Ruth's divorce decree. We affirm.

Denise and John were married in Missouri in 1982 and divorced in Kansas in 1994. Denise was granted primary residential custody of the couple's two children. John was granted visitation and ordered to pay child support in the amount of $625 per month. After the divorce, Denise moved to Missouri with the children. In January 1998, John's visitation schedule, travel arrangements, and child exchange were modified.

Denise has been represented by Roger M. Gibbons in all Kansas proceedings since December 1997. In October 2002, Denise filed a motion in Missouri to modify John's visitation and increase his child support payments. Information about the Missouri case is not part of the record on appeal.

On November 18, 2002, John filed a motion and domestic relations affidavit requesting reduction of his child support. Denise filed no response to this motion. The motion was denied in January 2003. John then filed a motion for reconsideration. Denise opposed this motion. On March 5, 2003, the trial court ordered a reduction of John's child support to $416 per month effective December 2002.

On December 4, 2002, John filed a motion in Kansas requesting an injunction to bar Denise from pursuing her motion in Missouri. Denise objected to John's request for an injunction. The record on appeal does not contain the disposition of the motion.

On December 10, 2002, the trial court ordered the parties to mediate the issues concerning their minor children. On January 21, 2003, John filed a motion to establish the terms and conditions of his parenting time because Denise had moved the children to California, and the parties' efforts at mediation were not successful. The motion was set for a hearing on January 31, 2003. The certificate of mailing on the motion indicated that it was mailed to Denise's attorney on January 15, 2003. On January 28, 2003, Denise

filed a motion to dismiss or deny John's motion. John's motion was considered by the trial court on January 31, 2003. Denise did not appear. The trial court's order stated "Mr. Gibbons is counsel of record herein for the Petitioner and that service of the instant motion upon him is sufficient for the Court to proceed on the merits of the requested relief."

The trial court modified John's child visitation. Denise was ordered to pay the cost of the children's transportation for their visits with John and to deposit $1,000 with the Clerk of the Court for these expenses. In the event that the children did not come to Kansas, John had the right to draw from the deposited funds for travel to California. If John withdrew money from the fund, he had the right to replace the money from his court-ordered child support.

Denise appeals the trial court's modification of John's child visitation and the reduction of his child support.

## I. Jurisdiction

Denise argues that the trial court lacked jurisdiction to modify John's child support. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Stough*, 273 Kan. 113, 116, 41 P.3d 281 (2002). We strongly disapprove of the fact that John did not file an appellate brief.

It is important to note that child support and child custody present different jurisdictional issues. Denise makes no distinction between the two issues. Neither the Uniform Child Custody Jurisdiction Act (UCCJA) nor the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) apply to child support issues. See K.S.A. 38-1337(4). On July 1, 2000, the Kansas Legislature repealed the UCCJA, K.S.A. 38-1301 *et seq.*, and replaced it with the UCCJEA, K.S.A. 38-1336 *et seq. McNabb v. McNabb*, 31 Kan. App. 2d 398, 403, 65 P.3d 1068 (2003).

### A. Child Support

When John filed a motion for rehearing, Denise responded by alleging that (1) John had "failed to comply with the requirements of Rules 128 and 139 of the Kansas Supreme Court Rules;" (2) a

similar motion was pending in Missouri; (3) John's domestic relations affidavit was incomplete; (4) the child support worksheet contained incorrect information; (5) there is no evidence of a material change of circumstances; and (6) the motion was decided "upon unlawful procedure and without a fair hearing."

First of all, there is no Kansas Supreme Court Rule 128. Secondly, even though Denise complains that John did not fully comply with Supreme Court Rule 139 (2003 Kan. Ct. R. Annot. 188), she ignores subsection (e) that requires a party opposing a change in child support to file a similar affidavit. Denise did not file an affidavit.

Under K.S.A. 2002 Supp. 60-1610(a)(1), a trial court may modify child support without proving a material change in circumstances if more than 3 years have passed since the date of the original order or modification. No other court has asserted jurisdiction over the child support issue. Notwithstanding the 3-year provision, Denise's move to California certainly provided a material change in circumstances. Her assertions to the contrary are ingenuous. We affirm the trial court's order modifying John's child support.

### B. Parenting Time

### 1. Retroactive Application of the UCCJEA

In opposing John's motion to establish the terms and conditions of his parenting time, Denise argued that the UCCJA applied because it was in effect when their divorce was granted. In her appellate brief, however, Denise asserts that the UCCJEA applies. Notwithstanding her statement that the UCCJEA applies, she maintains that "the provisions of K.S.A. 38-1349(a) that grant a trial court exclusive and continuing jurisdiction over an initial custody decree do not apply retrospectively in this case" and that "the provisions of K.S.A. 38-1349(b) are applicable to whether the trial court had jurisdiction to modify the divorce decree."

As a general rule, a statute operates prospectively unless its language clearly indicates the legislature intended it to operate retroactively. An exception to this rule has been recognized where a statutory change is procedural or remedial in nature and does not

prejudice the parties' substantive rights. *Halley v. Barnabe*, 271 Kan. 652, 657-58, 24 P.3d 140 (2001).

The legislature may provide that statutory changes are to operate prospectively or retroactively. *Rios v. Board of Public Utilities of Kansas City*, 256 Kan. 184, 190, 883 P.2d 1177 (1994). Procedural statutes generally concern the manner and order of conducting lawsuits, while substantive statutes establish the rights and duties of the parties. *In re Tax Grievance Application of Kaul*, 269 Kan. 181, 184, 4 P.3d 1170 (2000). A statute which establishes a new method of obtaining jurisdiction over the defendant is a procedural law.

K.S.A. 38-1349 discusses the rules for determining whether a state has exclusive continuing jurisdiction over child custody issues. This statute gives the state that made the initial determination exclusive continuing jurisdiction unless certain facts have been proved. The statute does not deal with retroactive application of the UCCJEA.

K.S.A. 38-1377 discusses whether the UCCJEA applies to a motion that may have been filed before the effective date of the UCCJEA:

"A motion or other request for relief made in a child-custody proceeding or to enforce a child-custody determination which was commenced before the effective date of this act is governed by the law in effect at the time the motion or other request was made."

John's motion to establish the terms and conditions of his parenting time was filed in January 2003, well after the effective date of the UCCJEA. See L. 2000, ch. 171, sec. 72. K.S.A. 38-1377 only applies to requests made before the UCCJEA was enacted and does not apply to this case.

### 2. Contacts in Kansas

Denise argues that the trial court erred by not considering evidence that the children have had limited contact with Kansas since 1997. Resolution of this matter requires us to interpret the meaning of K.S.A. 38-1349(a). Interpretation of a statute is a question of law, and an appellate court's review is unlimited. *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.2d 364 (2003).

K.S.A. 38-1349 states:

"(a) Except as otherwise provided in K.S.A. 38-1351 and amendments thereto, a court of this state which has made a child-custody determination consistent with K.S.A. 38-1348 or 38-1350 and amendments thereto, has exclusive, continuing jurisdiction over the determination until:

(1) A court of this state determines that neither the child, the child's parents, and any person acting as a parent do not have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

(2) a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state."

The state where the original decree was entered retains exclusive, continuing jurisdiction over child custody determinations provided the general requirement of the substantial connection jurisdictional provisions are met, even if a child has acquired a new home state. However, exclusive, continuing jurisdiction will no longer exist if the relationship between the child and the person remaining in the state with exclusive, continuing jurisdiction becomes so attenuated that a court could no longer find significant connections and substantial evidence. *Benson v. Benson*, 667 N.W.2d 582, 585 (N.D. 2003).

The trial court did not inquire whether the relationship between John and his children was substantial. However, the record on appeal discloses that for most of the relevant period of inquiry, John had visitation 2 weekends per month in addition to 8 weeks during the summer. There is no evidence that this visitation schedule was not followed, or that the children had little to no contact with John in his home in Kansas.

John has continuously resided in Kansas since the 1994 divorce. The Kansas court had ordered: (1) mediation and a home study in 1997; (2) family counseling and appointment of a CASA volunteer in 1999; and (3) mediation in 2002. The actions of the trial court in this matter make it clear that Kansas has not ceded jurisdiction over this matter to Missouri.

The UCCJEA does not define "significant connection" or "substantial evidence" as it is used in K.S.A. 38-1349. However, we find that the children have a significant connection to Kansas because

of regular visits with their father. Therefore, we find no error in the trial court's decision that Kansas held exclusive, continuing jurisdiction over child custody issues.

### 3. Effect of Missouri Proceeding on the Kansas Proceedings

Denise's motion to modify the divorce decree that was filed in Missouri asked that the trial court permit her to change the children's residence to California, modify John's child support, modify custody and visitation, and order John to pay attorney fees and costs. Denise's motion was dismissed by the Missouri trial court. Denise claims that she appealed the decision; however, our record on appeal contains no additional information on the disposition of the Missouri case.

Under the UCCJEA, simultaneous custody proceedings, except for temporary emergency jurisdiction proceedings, are prevented by requiring a court exercising jurisdiction to first determine if a custody proceeding has been commenced in another state having jurisdiction substantially in conformity with the UCCJEA. See K.S.A. 38-1353(a); *S.W. v. Duncan*, 24 P.3d 846, 855 (Okla. 2001).

Denise argues that pursuant to K.S.A. 38-1353, the Kansas court should not have exercised jurisdiction while an action was pending in Missouri. Denise supports her position by citing K.S.A. 38-1348, which deals only with the initial determination of child custody cases. Neither the current proceedings in Kansas, nor the filing in Missouri, is an initial custody determination. Denise ignores the provisions of K.S.A. 38-1349(b) and 38-1350. Denise maintains that the dismissal of her Missouri action was not terminated because she appealed the dismissal. It does not matter whether the Missouri action was terminated. Missouri has never assumed jurisdiction, and it is evident that even if Missouri might have had jurisdiction at some time, it no longer has jurisdiction since Denise left the state with the children in late 2002.

Denise is attempting to use the filing of a motion in Missouri as justification to deny Kansas jurisdiction. Just because Denise filed a motion for a child custody determination in another state, it does not mean that state had jurisdiction so that the filing could be

considered a simultaneous proceeding. No such determination was made; therefore, the filings cannot be considered simultaneous. The mere filing of a motion without a jurisdiction determination defeats the purpose of the UCCJEA. Here, Kansas is the only state that currently holds exclusive and continuing jurisdiction over custody issues.

Under the UCCJEA, there are only two ways that a state, other than the state issuing the initial custody decree, may gain jurisdiction: (1) The court of the issuing state must determine that it no longer has exclusive, continuing jurisdiction or that the other state would be a more convenient forum; or (2) either the court of the issuing state or the courts of the other state must determine that the child's parents and any person acting as a parent do not presently reside in the other state. See *Snow v. Snow*, 189 Or. App. 189, 197, 74 P.3d 1137 (2003).

The record on appeal discloses that the Kansas trial court was aware of the motion in Missouri. By the time John filed his motion, the children were living in California, and Missouri would have had no basis for exercising jurisdiction. We find that the Kansas trial court did not err by exercising jurisdiction and issuing its order.

### 4. Inconvenient Forum

Prior to the trial court's consideration of this issue, Denise filed a motion asking the trial court to dismiss the action on grounds that Kansas was an inconvenient forum. Denise claimed that the children had a closer connection to Missouri. The trial court made no findings of fact on this issue, noting only that the Kansas court had jurisdiction over the matter.

On appeal, Denise concludes that the trial court should not have exercised jurisdiction without first considering whether Kansas was a convenient forum.

K.S.A. 38-1354(a) allows a court of this state to "decline to exercise its jurisdiction" if it determines that it is an inconvenient forum. It appears that the decision is one of trial court discretion. Judicial discretion is abused only when no reasonable person would take the view adopted by the trial court. *Varney Business Services, Inc. v. Pottroff*, 275 Kan. 20, 44, 59 P.3d 1003 (2002).

The trial court did not address the issue of forum convenience because Denise did not raise it at the trial court level. In the absence of an objection, omissions in findings will not be considered on appeal. Where there has been no such objection, the trial court is presumed to have found all facts necessary to support the judgment. *Gilkey v. State*, 31 Kan. App. 2d 77, 77-78, 60 P.3d 351, *rev. denied* 275 Kan. 963 (2003).

At the time of the hearing on John's motion to establish the terms and conditions of his parenting time, the children were not living in Missouri. Thus, we fail to see how Missouri could have been a convenient forum when none of the parties to the action lived there. California was similarly not an appropriate forum since, at the time of the hearing, it had not acquired home state status. See K.S.A. 38-1337(8). Given these facts, Kansas was the only appropriate forum. Thus, the trial court did not abuse its discretion by failing to explicitly consider whether Kansas was an inconvenient forum.

## II. Denise's Notice of the Kansas Hearing

The certificate of service on John's motion to establish the terms and conditions of his parenting time indicates that a copy was mailed to Denise's attorney on January 15, 2003. His motion also included a notice of hearing for January 31, 2003. Denise responded by filing a motion to dismiss on January 28, 2003, based in part on lack of proper service pursuant to K.S.A. 38-1305 (repealed effective July 1, 2000). She specifically stated that the UCCJEA did not apply to this issue. Neither Denise, nor her counsel, appeared at the January 31, 2003, hearing. The trial court ruled that Denise was given proper notice of the hearing and proceeded to rule on the merits of John's motion.

On appeal, Denise states that the UCCJEA applies and argues that the trial court's journal entry was not rendered in accordance with the UCCJEA. She also states that she did not appear at the hearing due to the recent holiday season, her move to California, and that she could not afford the plane tickets back to Kansas for herself and the children on such short notice. She offers no support for her stated reasons.

Denise further argues that John did not comply with Kansas' service of process requirements because she was not served with a summons; instead, only her attorney received a copy of the motion through the United States mail. Denise argues that under K.S.A. 2002 Supp. 60-308(a)(3), the law requires 30 days' notice to the parties prior to any action being taken by the trial court. She states: "[T]he provisions of the UCCJA—although now repealed—provide further support that at least 30 days notice must be given before any hearing can be held concerning a child-custody determination. (emphasis added)." She provides no authority for this statement. A repealed statute is not authority.

Ultimately, the question of whether Denise received proper notice is jurisdictional. As such, our standard of review is plenary. See *Stough*, 273 Kan. 113, 116, 41 P.3d 281 (2002).

K.S.A. 38-1343 deals with notice to persons outside the state, which requires that notice be in a manner prescribed by the law of this state or the law of the other state in which service is made. Under K.S.A. 38-1343(c), notice is not required for the exercise of jurisdiction if a person submits to the jurisdiction of the court.

Service of process pursuant to K.S.A. 2002 Supp. 60-303 may be obtained by return receipt delivery, personal or residential service, or acknowledgment or appearance.

Through the years since the divorce, Denise has submitted herself to the jurisdiction of the Kansas courts. During this time, Denise's attorney was served with pleadings and filed responses on her behalf in the Kansas courts. Not until John's motion to establish the terms and conditions of his parenting time was filed, did Denise allege that the Kansas court lacked jurisdiction.

Also, Denise has submitted herself to the jurisdiction of the Kansas courts by virtue of the fact that she had lived in Kansas in a marital relationship. See K.S.A. 60-308(b)(8). Service of John's motion was in conformity with Kansas law. The trial court did not err in its decision that Denise had been given proper notice of the hearing and the trial court had jurisdiction to decide the issue.

### III. Evidence Supporting the Trial Court's Decision

Denise contends that the trial court's modification of the child support order was not supported by evidence that it was in the

children's best interests. Denise admits that she did not submit a domestic relations affidavit while arguing that John's affidavit was incomplete and incorrect.

Our standard of review instructs us to determine whether the trial court's findings of fact are supported by substantial competent evidence and whether the findings are sufficient to support the conclusions of law. Substantial evidence is such legal and relevant evidence as a reasonable person might accept as sufficient to support a conclusion. *McCain Foods USA, Inc. v. Central Processors, Inc.*, 275 Kan. 1, 12, 61 P.3d 68 (2002).

The March 5, 2003, judgment from the hearing officer only notes that John's motion for reconsideration was granted and John's child support obligation was reduced. John submitted a domestic relations affidavit with his motion to reduce child support. The hearing officer subsequently adopted John's affidavit.

It is impossible for us to consider the merits of Denise's complaint. Denise did not object to the hearing officer's findings of fact, or lack thereof. Given that fact, we cannot consider omissions in those findings. See *Gilkey*, 31 Kan. App. 2d at 77-78. In the absence of additional information, we are simply not in a position to evaluate the wisdom of the hearing officer's decision. An appellant has the duty to designate a record sufficient to establish the claimed error. Without an adequate record, the claim of alleged error fails. *Unrau v. Kidron Bethel Retirement Services, Inc.*, 271 Kan. 743, 777, 27 P.3d 1 (2001).

Affirmed.