NOT DESIGNATED FOR PUBLICATION

No. 113,609

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the INTEREST of:
T.A.B. DOB:  XX-XX-10 (Male) and
C.B. DOB:  XX-XX-09 (Female).

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed December 11, 2015. Reversed and remanded with directions.

*James P. Ruane*, of Wichita, for appellant father.

*T. Lynn Ward*, of Ward Law Offices, LLC, of Wichita, for appellees.

Before ATCHESON, P.J., GARDNER, J., and BURGESS, S.J.

*Per Curiam*:  A court without subject matter jurisdiction has the authority to decide only its lack of authority to decide anything else. That's the problem here. The Sedgwick County District Court had no subject matter jurisdiction to determine the legal custody of T.A.B. and C.B., the minor children of R.S. and M.B., so its orders finding the children to be in need of care and terminating M.B.'s parental rights as their father are void. Accordingly, we reverse and remand with directions that the district court vacate its orders in this case and that it either properly acquire subject matter jurisdiction or dismiss the case.

The Uniform Child-Custody Jurisdiction and Enforcement Act, K.S.A. 2014 Supp. 23-37,101 *et seq.*, governs the determinative jurisdictional issue in this case. See *In re A.A.*, 51 Kan. App. 2d ___, 354 P.3d 1205, 1216 (2015) (UCCJEA confers and regulates

1

subject matter jurisdiction). The Act is commonly known by the unwieldy acronym UCCJEA; we, therefore, use that reference. M.B. has appealed the termination of his parental rights on several grounds in addition to the Sedgwick County District Court's lack of subject matter jurisdiction. Because the district court's lack of jurisdiction begins and ends the matter, we neither outline nor address the other issues. Likewise, we offer a factual and procedural history sufficient to anchor the jurisdictional considerations.

M.B., R.S., and the children lived in Kentucky in 2013. At some point, R.S. moved to Ohio. She was then unable to parent the children, and she remains incapable of doing so. Another relative of the children began an emergency custody proceeding in Bullitt County, Kentucky, because M.B. had left T.A.B. and C.B. with her and had no specific plan to take them back. The relative also asserted M.B. had no permanent residence. Other preliminary evidence indicated M.B. had not been adequately supervising the children while they were with him. The Kentucky court entered an emergency order granting temporary custody of T.A.B. and C.B. to the relative. Over the next several months, M.B. performed poorly in meeting the requirements of a Kentucky social service agency's plan for him to regain custody of the children. In the meantime, R.S. suggested the children be temporarily placed with J.B., M.B.'s brother, and his wife D.B., who live in the Wichita area. J.B. and D.B. were agreeable to taking in T.A.B. and C.B., so the Kentucky court entered an interim order placing the children with them.

About 8 months later, J.B. and D.B. filed an action in Sedgwick County District Court to have the children adjudged in need of care and to terminate the parental rights of M.B. and R.S. See K.S.A. 2014 Supp. 38-2201 *et seq.* At that point, both the Kansas and Kentucky courts had pending actions addressing the custody of T.A.B. and C.B. The UCCJEA is designed to prevent that sort of judicial overlap in child custody matters through an orderly process of determining and, if necessary, transferring jurisdiction between courts of different states. See K.S.A. 2014 Supp. 38-2203(b) (child in need of care actions subject to UCCJEA); *In re A.A.*, 354 P.3d 1205, Syl. ¶ 2.

2

Kentucky has also adopted the UCCJEA, Ky. Rev. Stat. Ann. § 403.800 *et seq.* (Michie/Bobbs-Merrill 2010), so it plainly applies in this case. The UCCJEA basically recognizes that a state court exercising jurisdiction over a minor child in a custody action retains exclusive jurisdiction to decide future custody issues unless a court in another state formally acquires jurisdiction. As a practical matter, the UCCJEA prevents a parent from leaving a state that has exercised jurisdiction in a child custody action and then filing a competing custody action in another state—a circumstance that otherwise would lead to concurrent judicial proceedings in different forums and could result in conflicting rulings or judgments. The UCCJEA outlines procedural steps through which jurisdiction may transfer from the court initially entering custody orders to a court in another state. See K.S.A. 2014 Supp. 23-37,110; K.S.A. 2014 Supp. 23-37,201; K.S.A. 2014 Supp. 23-37,202; K.S.A. 2014 Supp. 23-37,207.

Here, Kentucky indisputably exercised initial jurisdiction in 2013 by issuing various orders regarding the custody of T.A.B. and C.B. And everyone agrees that M.B. has been a resident of Kentucky throughout the court proceedings in both states. The Kentucky court, therefore, had exclusive continuing jurisdiction under the UCCJEA, since Kentucky was the "home state" of the children when the custody action was filed there. Ky. Rev. Stat. Ann. § 403.822(1)(a); Ky. Rev. Stat. Ann. § 403.824(1). Jurisdiction continued in Kentucky even though the children had moved to Kansas—a move permitted by order of that court.

The Kentucky court did not relinquish its exclusive jurisdiction, thereby precluding the Sedgwick County District Court from acting under the Kansas version of the UCCJEA to issue substantive orders affecting the custody of T.A.B. and C.B. To cede its exclusive jurisdiction, the Kentucky court would have had to determine both that the children or their parents had no significant connection with that state and no substantial evidence was available there relevant to the children's "care, protection, training, and

3

personal relationships." Ky. Rev. Stat. Ann. § 403.824(1)(a). Alternatively, the Kentucky court could have lost exclusive jurisdiction if that court or the Sedgwick County District Court determined the children and their parents did not reside in Kentucky. Ky. Rev. Stat. Ann. § 403.824(1)(b); see *In re Marriage of Ruth*, 32 Kan. App. 2d 416, 423, 83 P.3d 1248, *rev. denied* 278 Kan. 845 (2004) (construing K.S.A. 2014 Supp. 23-37,202, the Kansas counterpart to Ky. Rev. Stat. Ann. § 403.824). Those determinations were not made. As we discuss momentarily, the Kentucky court never ruled on its jurisdiction or anything else in connection with the Kansas action. And, as we have already said, M.B. resided in Kentucky. So exclusive, continuing jurisdiction over the custody of T.A.B. and C.B. remained with the Kentucky court.[1]

[1]The UCCJEA refers to a state's loss of exclusive, continuing jurisdiction if the child, a person acting as the child's parent, and "the child's parents . . . do not presently reside in" that state. See, *e.g.*, K.S.A. 2014 Supp. 23-37,202(a)(2). The provision requires that both parents no longer reside in the state as a necessary condition for the loss of exclusive, continuing jurisdiction. If one parent continues to reside in the state that condition has not been satisfied. See *In re N.R.M.*, 165 N.C. App. 294, 301, 598 S.E.2d 147 (2004); *Benson v. Benson*, 667 N.W.2d 582, 585 (N.D. 2003) (exclusive, continuing jurisdiction may be lost if "all of the parties to the custody dispute have moved away from the state"); UCCJEA, Sec. 202, National Conference of Commissioners on Uniform State Laws, Comment 2 (1997).

Apart from that jurisdictional pathway, the Kentucky court could have determined that Kentucky amounted to an inconvenient forum and that the Sedgwick County District Court afforded "a more appropriate forum" for additional custody proceedings, as provided in Ky. Rev. Stat. Ann. § 403.834(1). Based on such a finding, J.B. and D.B. could have pursued their action in the Sedgwick County District Court. As outlined in Ky. Rev. Stat. Ann. § 403.834(2), the Kentucky court had to assess a set of statutory factors to determine whether Kansas had become the more convenient place to hear custody issues, and it had to allow the parties, including M.B., "to submit information" on the issue. The Kentucky court would then have had to render an order ceding jurisdiction based on its finding of inconvenience. The UCCJEA appears to allow either a written or

oral order. Here, there was no order—only informal, undocumented communication between the Kentucky court and the Sedgwick County District Court.

The UCCJEA permits courts of two states that have adopted the Act to communicate with each other about custody issues. K.S.A. 2014 Supp. 23-37,110. The parties may be allowed to participate in the communication. If they are not permitted to do so, they must be given the opportunity "to present facts and legal arguments before a decision on jurisdiction is made." K.S.A. 2014 Supp. 23-37,110(b). If the inter-court communication concerns anything other than scheduling or other perfunctory matters, a record must be made, and the parties must be given access to the record. K.S.A. 2014 Supp. 23-37,110(d).

To be blunt, none of the procedural protections for the parties were satisfied in this case. The Sedgwick County District Court judge announced to the parties and their lawyers that he had talked by telephone with the Kentucky judge. According to the Sedgwick County District Court judge's paraphrase of the call, the Kentucky judge "indicated that he's willing to relinquish jurisdiction to this court." That was the end of the jurisdictional matter. There was no record of the telephone conversation between the two judges. Nobody got to present information to the Kentucky court on the appropriateness of the Sedgwick County District Court as a forum. And the Kentucky court never made an evaluation of the statutory factors. Indeed, so far as the record indicated, the Kentucky judge entered no order relinquishing jurisdiction on any basis and merely suggested he would be disposed to do so.

In short, the requirements of the UCCJEA have not been fulfilled. As a result, subject matter jurisdiction never migrated from the Kentucky court to the Sedgwick County District Court. Under Ky. Rev. Stat. Ann. § 403.824, corresponding to K.S.A. 2014 Supp. 23-37,202, the Kentucky court had exclusive continuing jurisdiction over the legal custody of T.A.B. and C.B. by virtue of its initial orders. The Kentucky court

neither lost that jurisdiction nor determined the Sedgwick County District Court to be a more convenient and appropriate forum for further custody proceedings. As a result, the Sedgwick County District Court lacked authority to modify the custody arrangement ordered by the Kentucky court or to issue orders affecting the custody of T.A.B. or C.B. in this separate action—orders that would have the same effect and would undercut the purpose of the UCCJEA.[2]

[2]The UCCJEA contains a limited exception allowing a court to act in an emergency without a formal release of jurisdiction from another court exercising initial jurisdiction over a child's custody. See K.S.A. 2014 Supp. 23-37,204. The parties agree the exception does not apply, and the record demonstrates as much.

Although M.B., through his lawyer, did not lodge an objection when the Sedgwick County District Court outlined the conversation with the Kentucky judge and then announced plans to move ahead with the action J.B. and D.B. filed, the lack of a clear objection doesn't vitiate the legal effect of failing to formally transfer jurisdiction under the UCCJEA. The parties cannot confer subject matter jurisdiction by acquiescence or even agreement. *In re A.A.*, 354 P.3d at 1212.

If a court lacks subject matter jurisdiction, generally any substantive order or ruling other than a judgment dismissing for lack of jurisdiction is void. 354 P.3d at 1216. The general rule governs here. As a result, the Sedgwick County District Court's orders finding T.A.B. and C.B. to be children in need of care and terminating the parental rights of M.B. and R.S. have no legal force. Although R.S. has not appealed, the orders are also ineffective to the extent they address her rights. Because the Sedgwick County District Court lacked jurisdiction over the subject matter, it had no authority to act in any way substantively affecting the parties. The Kentucky court order placing T.A.B. and C.B. with J.B. and D.B. remains in effect, since that court continues to have jurisdiction over the children's custody and placement.

We, therefore, reverse and remand to the Sedgwick County District Court with directions that it vacate the orders entered in this case and that it either properly acquire subject matter jurisdiction as provided in the UCCJEA or dismiss this action for lack of jurisdiction.