THOMPSON, JUDGE:
David William Claude Robinson appeals from an order of the Whitley Circuit Court determining that Kentucky is an inconvenient forum to hear this child custody matter and relinquishing jurisdiction to North Carolina under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). We conclude the trial court did not abuse its discretion and affirm.
David and Jana Hughes Robinson married in 2007 and, in 2008, a decree of dissolution was entered in the Whitley Circuit Court. They have one child who was born in 2008. On June 4, 2009, a final judgment was entered awarding joint custody of the child to both parents with Jana as the primary residential custodian and David having visitation in accordance with the Whitley County Visitation Guidelines.
On July 20, 2010, Jana sought permission to relocate with the child to Indiana and then to North Carolina. On August 11, 2010, an agreed mutual restraining order was entered as well as an agreed order modifying visitation. Pursuant to that order, Jana remained the child's residential custodian and was permitted to relocate the child to Charlotte, North Carolina. The parties agreed David would have visitation the first full weekend of each month from Friday at 6:00 p.m. to Sunday at 6:00 p.m., with the exchange to occur in Asheville, North Carolina, with summer vacation divided between the parties.
After August 31, 2010 through January 2017, there was no further activity in the Whitley Circuit Court. However, it is undisputed that court proceedings were held in North Carolina concerning post-decree custody issues.
The record contains a temporary order entered by a North Carolina court on March 23, 2012, after Jana filed a motion to modify visitation. The court's order noted that a telephonic conference was held between the court and David to inquire about his absence in the case. The court's order reflects that David agreed to amend the Kentucky custody/visitation order by *43 eliminating his monthly visits with the child.
On May 7, 2012, the North Carolina court conducted a hearing on Jana's motion. David was notified of the hearing but did not appear.
On June 5, 2012, the North Carolina court issued an order modifying David's visitation. The North Carolina court determined that it had jurisdiction over the child and subject matter pursuant to the UCCJEA as adopted in North Carolina and that the Whitley Circuit Court's final judgment and the order entered on August 11, 2010, had been registered in North Carolina.
The North Carolina court found that a substantial change in circumstance had occurred. The court found that David had not exercised his monthly visitation and had not exercised summer visitation in 2011 or Memorial Day visitation. Although Jana had driven to Asheville on seven occasions to exchange the child, David did not appear without providing Jana an explanation. The North Carolina court modified David's visitation to terminate his monthly weekend visits and granted him certain holiday visits and one full week in June, July and August provided he notify Jana by specified dates.
On February 27, 2014, the North Carolina court issued an order allowing the child to travel overseas without David's signature and the issuance of a passport without his signature provided that Jana notify David thirty days prior to any such travel with location and contact information. The court found that David had "extremely low interaction" with the child, there had been instances of domestic violence between the parties and, except a brief visit just prior to the hearing on the matter, David had not visited with the child in well over a year.
On July 28, 2016, Jana filed a motion to modify custody in the North Carolina court. In that motion, Jana stated there had been various instances of physical and verbal abuse and/or neglect of the child by David that occurred in Kentucky as well as Virginia and during car trips.
David retained counsel in North Carolina and filed a motion to dismiss. In that motion, he alleged that the North Carolina court could not modify the prior Kentucky orders but could only enforce those orders under the UCCJEA.
On January 9, 2017, Jana filed a motion requesting that the Whitley Circuit Court relinquish jurisdiction to the North Carolina courts. David objected to Jana's motion, arguing that the Whitley Circuit Court retained exclusive and continuing jurisdiction because he resides in Whitley County and the visitations with the child are to occur in that county.
The Whitley Circuit Court heard arguments of counsel and reviewed the record, including the North Carolina court orders. The trial court found that David participated in the North Carolina case in March 2012 and agreed to a substantive modification of the Kentucky visitation order. The court found that no Kentucky court had contact with the child since August 11, 2010, and the child had no contact with Kentucky through school, the child's residence or social activities. Pursuant to the UCCJEA, the court found that Kentucky would be an inconvenient forum and relinquished jurisdiction to the North Carolina courts.
Kentucky adopted the UCCJEA in 2004 to avoid "jurisdictional competition and conflict with other states in child custody matters[.]" Wallace v. Wallace , 224 S.W.3d 587, 589 (Ky.App. 2007). Pursuant to the provisions of the UCCJEA, the state making an initial custody determination *44 retains "exclusive, continuing jurisdiction over the determination until:
[a] court of this state determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships[.]
Kentucky Revised Statutes (KRS) 403.824(1)(a). Under the UCCJEA, even if the child has acquired a new home state, the original decree state retains exclusive, continuing jurisdiction unless "the relationship between the child and the person remaining in the state ... becomes so attenuated that a court could no longer find significant connections and substantial evidence." Wallace , 224 S.W.3d at 590 (quoting Ruth v. Ruth , 32 Kan.App.2d 416, 421, 83 P.3d 1248, 1254 (2004) ). However, a court that has jurisdiction under the Act is not required to exercise its jurisdiction. The UCCJEA expressly provides that if a court otherwise has jurisdiction it "may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." KRS 403.834(1) (emphases added). Before determining whether Kentucky is an inconvenient forum, the court must consider "whether it is appropriate for a court of another state to exercise jurisdiction." KRS 403.834(2). The court is required to consider all relevant factors, including the following:
(a) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
(b) The length of time the child has resided outside this state;
(c) The distance between the court in this state and the court in the state that would assume jurisdiction;
(d) The relative financial circumstances of the parties;
(e) Any agreement of the parties as to which state should assume jurisdiction;
(f) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
(g) The ability of the court of each state to decide the issue expeditiously and the procedure necessary to present the evidence; and
(h) The familiarity of the court of each state with the facts and issues in the pending litigation.
Id.
Although David argues that Kentucky retained jurisdiction of this matter, the trial court did not rule it lacked jurisdiction but held that under KRS 403.834(2), Kentucky was an inconvenient forum. Therefore, we limit our discussion to that issue.
The parties agree the UCCJEA applies and the original decree state is the sole determinant of whether jurisdiction continues in that state.[1] However, they disagree on our standard of review. David argues we must review the Whitley Circuit Court's decision de novo while Jana argues the proper standard is whether the court abused its discretion. Jana's position is correct.
*45 "Whether a trial court acts within its jurisdiction is a question of law; therefore, our review is de novo. " Biggs v. Biggs , 301 S.W.3d 32, 33 (Ky.App. 2009). However, the doctrine of forum non conveniens is not a jurisdictional doctrine. It is a doctrine that "vests in a court, before which an action is brought, the discretion to refuse to accept jurisdiction, and such a determination will not be reversed by an appellate court, except where such determination is found to be an abuse in the exercise of that discretion." Williams v. Williams , 611 S.W.2d 807, 809 (Ky.App. 1981). Because the UCCJEA vests the trial court with the discretion to decline to exercise its jurisdiction if it finds Kentucky is not a convenient forum, its decision will not be reversed absent a showing that it abused that discretion in either accepting or declining jurisdiction. See Williams v. Frymire , 377 S.W.3d 579, 589 (Ky.App. 2012) (applying the abuse of discretion standard of review to a trial court's determination as to whether Kentucky was an inconvenient forum). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." Commonwealth v. English , 993 S.W.2d 941, 945 (Ky.1999).
David argues that reversal is required because the trial court did not make specific findings as to each of the factors set forth in KRS 403.834(2). However, he did not move the trial court for more specific findings and, therefore, the sufficiency of the trial court's findings is not properly raised on appeal. Kentucky Rules of Civil Procedure (CR) 52.04. Williams v. Bittel , 299 S.W.3d 284, 290 (Ky.App. 2009). Moreover, the trial court's order reflects that it considered the appropriate statutory factors.
The trial court found the child and mother resided in North Carolina since 2010, and David had retained counsel in that state. Additionally, in 2012, he participated in a telephonic conference with the North Carolina court and agreed to terminate his weekend visitation. The trial court further found that the child has no contact with Kentucky, his school and residence are in North Carolina and he participates in social activities and sports in that state. Other factors also weigh in favor of Kentucky relinquishing jurisdiction.
The child was only two years of age when he moved from Kentucky, and David has not regularly exercised visitation in Kentucky. All school records, medical records and therapy or counseling records would necessarily be in North Carolina. The record further indicates that David has sufficient economic resources to travel to North Carolina where he initially agreed to exchange the child for visitation. We cannot say the trial court abused its broad discretion by concluding that Kentucky was an inconvenient forum and the courts of North Carolina provide a more appropriate forum.
For the reasons stated, the order of the Whitley Circuit Court is affirmed.
ALL CONCUR.

The issue as to whether the prior orders of the North Carolina court are entitled to full faith and credit by a Kentucky court is not presented. However, we note that there is no indication that the North Carolina court or the parties requested that Kentucky relinquish jurisdiction prior to the entry of those orders. See Ball v. McGowan , 497 S.W.3d 245 (Ky.App. 2016).