RENDERED:  SEPTEMBER 12, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0104-MR

CANDICE ZAVATSKY (N/K/A
MCKAMEY)                                                            APPELLANT


                    APPEAL FROM MEADE CIRCUIT COURT
v.          HONORABLE JOHN M. MCCARTY, SPECIAL JUDGE
                         ACTION NO. 17-CI-00114


ERIC KIESLICH                                                       APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, EASTON, AND LAMBERT, JUDGES.

COMBS, JUDGE:  Appellant, Candice Zavatsky (n/k/a McKamey) (Mother),

appeals from an Order of Meade Circuit Court denying her motion to transfer

jurisdiction to Tennessee under the Kentucky UCCJEA.[1]  After our review, we

affirm.

---

[1] Uniform Child Custody Jurisdiction and Enforcement Act.

Mother and Appellee, Eric Kieslich (Father), were divorced in 2017. They have one minor child. Their settlement agreement, which was entered in the (Meade County, Kentucky) Circuit Court, provided for joint custody and designated Mother as primary residential parent.

In October 2022, following the filing of various motions, an Agreed Order was entered in Meade Circuit Court which provided for Father's parenting-time schedule and the location where the child would be exchanged; it also provided that Mother withdraw her motion for sole custody; that Father withdraw his objection to Mother's relocation to Clarksville, Tennessee; and that the court approve said relocation.

On August 17, 2023, Mother filed a "PETITION TO REGISTER FOREIGN CUSTODY/VISITATION ORDER, PETITION FOR RESTRAINING ORDER AND MODIFICATION OF CUSTODY AND IMPLEMENTATION OF PARENTING PLAN" (upper case original) in Montgomery County Tennessee Chancery Court. Mother alleged that she and the child are residents of Tennessee; that Father is a resident of Kentucky; that on August 2, 2023, the child became ill and was hospitalized after having ingested Suboxone found in Father's bookbag (thinking it was candy); that Father "downplayed" the situation and did not notify Mother until several hours later; and that Mother was fearful that the child would

suffer irreparable harm if allowed to return to the upcoming scheduled visitation with Father.

On August 17, 2023, the Tennessee Court issued a restraining order against Father which noted that "Jurisdiction under UCCJEA appears questionable to the Court, however, due to emergency nature of allegations the Court will issue RO."[2]

On September 14, 2023, Mother filed a motion in the Meade Circuit Court to transfer jurisdiction to Montgomery County, Tennessee pursuant to Kentucky Revised Statute (KRS) 403.824. Mother argued that she and the child had resided in Tennessee for over 12 months (where they have permanently relocated), that all evidence concerning the child's health, safety, and welfare is in Tennessee, and that Meade County, Kentucky, is now an inconvenient forum when considering the factors set forth in KRS 403.824.[3]

---

[2] An Order of the Tennessee Chancery Court entered September 20, 2023, reflects that it had previously entered a temporary restraining order on August 17, 2023; that it had been unsuccessful in its attempts to contact the Kentucky court; that the restraining order was to dissolve September 25, 2023; and that should Mother "wish to retain some sort of emergency jurisdiction, such must be obtained through proper pleadings in the appropriate court of Kentucky."

[3] That appears to be a typographical error. The factors to which Mother refers in her motion are found in KRS 403.834, which governs "Inconvenient forum"; whereas KRS 403.824 governs "Exclusive, continuing jurisdiction" under the Kentucky UCCJEA, KRS 403.800 to KRS 403.880.

By Order entered December 19, 2023, the Meade Circuit Court denied

Mother's motion as follows in relevant part:

> 7) Under KRS 403.824, if Kentucky has jurisdiction to
> make an initial custody determination, then the state
> retains exclusive, continuing jurisdiction until either the
> court determines that none of the parties reside [*sic*] in
> the state or have [*sic*] significant contacts to the state and
> that there is no longer any substantial evidence available
> as to the child's care, training, protection and personal
> relationships in the state.
>
> 8) The Court finds that Meade Circuit Court retains
> exclusive and continuing jurisdiction over this case
> because [Father] had continued to live in Kentucky and
> the child has significant connection to the
> Commonwealth due to agreed parenting schedule entered
> between the parties and approved by the Cou[r]t less than
> a year before the motion to transfer was filed.
> Furthermore, [Father's] family continues to reside in the
> Commonwealth of Kentucky and all issues regarding
> [Father's] ability to effectively parent the child can be
> found within the Commonwealth and specifically in
> Meade County, Kentucky.
>
> 9) After considering the factors set forth in KRS 403.834,
> the Court finds that Kentucky is not an inconvenient
> forum to address the issues of custody and parenting time
> modification.

Mother appeals and contends that the Meade Circuit Court erred in

denying her motion to transfer jurisdiction.

In *Robinson v. Robinson*, 556 S.W.3d 41 (Ky. App. 2018), we

explained as follows:

Kentucky adopted the UCCJEA in 2004 to avoid "jurisdictional competition and conflict with other states in child custody matters[.]" *Wallace v. Wallace*, 224 S.W.3d 587, 589 (Ky. App. 2007). Pursuant to the provisions of the UCCJEA, the state making an initial custody determination retains "exclusive, continuing jurisdiction over the determination until:

> [a] court of this state determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships[.]

Kentucky Revised Statutes (KRS) 403.824(1)(a). . . . However, a court that has jurisdiction . . . is not required to exercise its jurisdiction. The UCCJEA expressly provides that if a court otherwise has jurisdiction it "***may decline to exercise*** its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." KRS 403.834(1)[.]

*Robinson*, 556 S.W.3d at 43-44 (bold-face italics in original).

Before determining whether it is an inconvenient forum, KRS

403.834(2) requires that:

> [A] court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:
>
> (a) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

-5-

(b) The length of time the child has resided outside this state;

(c) The distance between the court in this state and the court in the state that would assume jurisdiction;

(d) The relative financial circumstances of the parties;

(e) Any agreement of the parties as to which state should assume jurisdiction;

(f) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(g) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(h) The familiarity of the court of each state with the facts and issues in the pending litigation.

The standard of our review is abuse of discretion.

> Because the UCCJEA vests the trial court with the discretion to decline to exercise its jurisdiction if it finds Kentucky is not a convenient forum, its decision will not be reversed absent a showing that it abused that discretion in either accepting or declining jurisdiction.

*Robinson*, *supra*, at 45.

Mother contends that Tennessee is in the best position to protect the child from domestic violence (KRS 403.834(2)(a)); that for more than 12 months, the child has resided in Tennessee, which is three and one-half hours from Meade County, Kentucky (KRS 403.834(2)(b) & (c)); that both parties should be

considered financially capable (KRS 403.834(2)(d)); that "all salient" evidence regarding the child's health and welfare is in Tennessee (KRS 403.834(f)); and that Tennessee has the ability to handle the matter expeditiously (KRS 403.834(2)(g) & (h)). Mother asserts that "[t]hese factors weigh heavily in determining . . . Tennessee is a more convenient forum."

Although Mother provides a persuasive list of factors in support of her petition, the trial court is ultimately vested with the discretion either to accept or to reject her argument. Nothing in this case persuades us that the trial court acted arbitrarily or that it abused its considerably broad discretion in denying Mother's motion to transfer.

Accordingly, we affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Stephanie Ritchie Mize
Clarksville, Tennessee

BRIEF FOR APPELLEE:

Douglas E. Miller
Radcliff, Kentucky