**Jackie LANCASTER, Appellant,**

v.

**Patty Allyson Killebrew LANCASTER, Appellee.**

**No. 86–CA–2028–MR.**

Court of Appeals of Kentucky.

Oct. 16, 1987.

Daniel C. Hicks, Daniel C. Hicks Law Firm, Hopkinsville, for appellant.

Phillip R. Patton, Richardson & Patton, Glasgow, for appellee.

Before CLAYTON, WILHOIT and WEST, JJ.

WEST, Judge.

This is an appeal from a judgment in a dissolution of marriage proceeding which determined issues of child support and custody. The sole argument on appeal is that the Barren Circuit Court was not the proper venue for the action.

The parties were married in Christian County in 1983 and resided there during their entire marriage. In November of 1985, they separated and the wife moved to Barren County with their infant child. Less than a month later, she filed a petition for dissolution of the marriage in Barren County.

The appellant/husband immediately filed a motion to dismiss or to transfer venue to the Christian Circuit Court which was denied. The parties thereafter entered into a settlement agreement with regard to property restoration and division but issues of child custody and support remained contested. Following a hearing, the Barren Circuit Court entered a decree of dissolution and awarded custody to the wife, establishing visitation rights and support payments of the appellant. The court also specifically found that it was the proper forum to decide those issues.

Appellant cites *Hummeldorf v. Hummeldorf,* Ky.App., 616 S.W.2d 794 (1981),

wherein this Court identified factors to be considered in cases where there are competing forums available. Some of the relevant factors include "(1) the county of the parties' marital residence prior to separation; (2) the usual residence of the children, if any; (3) and the accessibility of witnesses and the economy of offering proof." *Id.* at 798. Appellant argues that applying these factors to the case at bar required Barren Circuit Court to decline to act on the contested issues of child custody, visitation and support.

We firmly believe that these factors should be considered by circuit courts when they have the option to decide to accept or decline jurisdiction. Particularly in disputes over child custody, where the issue to be determined is the best interests of the child, looking to the "more convenient and most interested" forum provides a common-sense approach which we applaud. *Shumaker v. Paxton*, Ky., 613 S.W.2d 130 (1981); KRS 403.440, et seq., (U.C.C.J.A.)

Nonetheless, we have concluded to affirm the Barren Circuit Court's decision to exercise jurisdiction in this particular case. Initially, we point out that this case differs from *Shumaker, supra,* in that it is an original action for dissolution of marriage which is naturally intertwined with issues of property, custody and support.

In *Hummeldorf, supra,* relied on by appellant, this court simply held the former divorce venue statute, KRS 452.470, unconstitutional in that it fixed venue in the home county of the wife. *Id.* at 797. Specifically, we stated that:

> Under this decision, an action for dissolution may be brought in the county where either party usually resides. *Should the legislature determine that the venue should be related to parties' last marital residence or any other factor, it may so provide.* (Emphasis added.) *Id.*

Of course, the legislature did act to amend the statute in 1982, allowing actions to be brought "where either party usually resides." KRS 452.470. However, the new legislation did *not* provide for venue of the action for dissolution and maintenance to be related to the parties' last residence or any other factor. Accordingly, under the statute, either Barren or Christian Circuit Court could properly accept jurisdiction of this action for dissolution of the parties' marriage. While we believe the factors stated above can offer guidance to circuit courts, it is nonetheless within the discretion of the court to accept or decline jurisdiction. *Hummeldorf, supra,* at 798; *Williams v. Williams*, Ky. App., 611 S.W.2d 807 (1981); KRS 452.470. Such a determination will not be reversed absent an abuse of discretion. *Williams, supra.*

In the case at bar there is no abuse of discretion. Indeed, the Barren Circuit Court granted appellant's motion to take testimony of witnesses in Christian County by deposition in order to reduce inconvenience and expense. However, appellant thereafter elected not to avail himself of that opportunity and the case was submitted to the court on the hearing only. Appellant does not argue that the court's determination of custody was clearly erroneous, only that it lacked venue to make the determination. For the reasons set forth herein, we disagree and the judgment is hereby AFFIRMED.

All concur.