**Michael Shane WALLACE, Appellant,**

v.

**Murecka Joy WALLACE, Appellee.**

**No. 2006–CA–001430–ME.**

Court of Appeals of Kentucky.

May 11, 2007.

Barry Birdwhistell, Elizabethtown, KY, for appellant.

Lori A. Kinkead, Elizabethtown, KY, for appellee.

Before THOMPSON and VANMETER, Judges; PAISLEY,[1] Senior Judge.

*OPINION*

THOMPSON, Judge.

Michael Shane Wallace appeals from an order of the Hardin Circuit Family Court denying his petition for a modification of a visitation order for lack of subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).

In 2000, Michael and Murecka, then both Kentucky residents, were divorced in the Meade Circuit Court and were granted joint custody of their three children, Cody, Autumn, and Weston, with Murecka being granted primary residential custody. In July 2002, Michael filed a motion in the Meade Circuit Court requesting custody of the parties' oldest child, Cody. Because Murecka then resided in Christian County, the case was transferred to the Christian County Circuit Court which ultimately granted Michael primary custody of Cody and left primary custody of the two youngest children with Murecka.

In April 2004, Murecka and the two youngest children moved to Tennessee where they presently reside. Michael and Cody remained in Kentucky and, at the time Michael's petition was filed, were residents of Hardin County. Subsequently, Michael, a military police officer in the United States Army, received orders to relocate to Hawaii. As a result of the pending move, on February 23, 2006, Michael filed a "Petition to Modify Visitation."

The parties submitted briefs to the family court addressing the issues of subject matter jurisdiction under the (UCCJA), KRS 403.800 *et. seq.*, and whether Hardin County is the proper venue. In the order from which Michael appeals, the family court found that it lacked subject matter jurisdiction and made the following findings:

The two children that the Petitioner seeks modification of visitation with have not had any contact with Kentucky for approximately two years, nor has their

---

1. Senior Judge Lewis G. Paisley sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

custodial parent, the Respondent. It appears uncontroverted that the school records and medical records for both Autumn Wallace and Weston Wallace would be in the state of Tennessee and not in Kentucky.

Moreover, the court found, since Autumn and Weston have resided in Tennessee since April 2004, Kentucky could not be considered the children's home state as defined in KRS 403.800(7).

This case presents a relatively rare situation where the custody of the parties' children is "split" and made further problematic because the parties live in different states. Thus, the issue is whether under the UCCJEA Kentucky has jurisdiction to modify the visitation order as to all, none, or only the oldest child, Cody, who has resided in Kentucky for a period exceeding six months. Although the family court's order omits any factual findings pertaining to Cody, it dismissed the petition in its entirety. We find that the family court's application of the UCCJEA was erroneous and reverse and remand the case for consideration of the petition to modify the visitation order.

■ To make Kentucky laws consistent with the provisions of the federal Parental Kidnapping Prevention Act, in 2004 the General Assembly replaced the Uniform Child Custody Jurisdiction Act (UCCJA) with the UCCJEA. While the fundamental purpose of the UCCJEA remains the avoidance of jurisdictional competition and conflict with other states in child custody matters, the UCCJEA contains substantive changes when making determinations of initial jurisdiction and modification jurisdiction. Recognizing the change, in *Goff v. Goff,* 172 S.W.3d 352, 356 (Ky.2005), the Kentucky Supreme Court quoted with approval the commentary found in Graham & Keller, *Domestic Relations Law,* 15 Kentucky Practice § 14.23(2d. ed.2005):

The new act will make significant changes in initial custody jurisdiction because it will eliminate the possibility that a mere 'best interest' and 'significant connection' determination can serve as the basis for an enforceable custody order. This change will also conform Kentucky law to federal law, the Parental Kidnapping Prevention Act, known as the PKPA. The act will also answer questions about the troubling problem of continuing jurisdiction when a Kentucky court makes a custody determination but the child later gains a new home state elsewhere. (Parenthesis and quotations omitted). *Id.* at 356, footnote 7.

A detailed analysis of the reason for the distinction between initial and modification jurisdiction contained in the UCCJEA was given in *Staats v. McKinnon,* 206 S.W.3d 532, 546 (Tenn.Ct.App.2006):

The PKPA also significantly altered the analysis for modification jurisdiction. The UCCJA applied the same basic jurisdictional tests to both the initial entry and the modification of child custody determinations. UCCJA §§ 3(a), 14(a), 9 U.L.A. at 307, 580. The PKPA added the concept of "continuing jurisdiction," 28 U.S.C.A. § 1738(A)(c)(2)(E), (d), and provided that once a state had entered or modified a child custody determination in compliance with the statute's jurisdictional requirements, its jurisdiction would "continue[ ] as long as ... such State remains the residence of the child or of any contestant," 28 U.S.C.A. § 1738A(d). The PKPA prohibited courts from modifying another state's child custody determination if the other state had continuing jurisdiction over the determination and had not declined to exercise it. 28 U.S.C.A § 1738A(g)-(h). Thus, while "home state" jurisdiction was at the top of the jurisdiction hierarchy under the UCCJA, under the

PKPA, continuing jurisdiction trumped "home state" jurisdiction.

 The concept of continuing jurisdiction incorporated into the UCCJEA was adopted by Kentucky and is contained in KRS 403.824 which provides in its entirety:

(1) Except as otherwise provides in KRS 403.828, a court of this state which has made a child custody determination consistent with KRS 403.822 or 403.826 has exclusive, continuing jurisdiction over the determination until:

(a) A court of this state determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

(b) A court of this state or a court of another state determines that the child, child's parents, and any other person acting as a parent do not presently reside in this state.

(2) A court of this state which has made a child custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under KRS 403.822.

Thus, the state having original jurisdiction over custody maintains exclusive continuing jurisdiction though the child has acquired a new home state if the general requirement of the substantial connection jurisdictional provisions are met. As stated by the court in *Ruth v. Ruth*, 32 Kan. App.2d 416, 421, 83 P.3d 1248, 1254 (2004), exclusive, continuing jurisdiction prevails under the UCCJEA until the "relationship between the child and the person remaining in the state with exclusive, continuing jurisdiction becomes so attenuated that a court could no longer find significant connections and substantial evidence."

 Kentucky entered the original custody decree in 2000 and again modified custody in 2002. No other state has ever assumed jurisdiction over any custody matter involving these three children. Michael, a Kentucky resident, has had visitation with Autumn and Weston in Kentucky and their sibling, Cody, who at the time the petition was filed was a Kentucky resident. Yet, solely on the basis that Murecka and the two youngest children have not resided in this state for two years and their school and medical records are necessarily in Tennessee, the court concluded that the "significant connection and substantial evidence" requirements of the UCCJEA were not met.

Although the family court dismissed the petition in its entirety, clearly under the UCCJEA and even applying that court's deference to the "home state" analysis, Kentucky has exclusive, continuing jurisdiction over custody matters pertaining to Cody. At the time the petition to modify visitation was filed, he and his custodial parent were both Kentucky residents. If, as Murecka suggests, Kentucky has jurisdiction to determine the visitation issue in regard to Cody but Tennessee has jurisdiction as it pertains to the two youngest children the result is not reconcilable with either the UCCJEA or this state's expressed interest in expediting and efficiently determining child custody and visitation matters.

Such an interpretation and its potential for competition and conflict between the two state courts defeat the underlying purposes of the UCCJEA. *Goff, supra.* Visitation is a matter which requires coordination of the parties' time and resources, the availability of the children and, in this

case, providing time for visitation among the children who have been separated by the split custody arrangement. Under such circumstances the probability of inconsistencies and conflicts between a Kentucky order and a Tennessee order is almost certain.

■ Moreover, Kentucky has created the family court system. The "one judge, one family" approach is a remedy to the fractionalization of family jurisdiction. In 1988 the Legislative Research Committee appointed a Task Force to examine the need for and feasibility of establishing a family court system. In its report, the Task Force found that fractionalization leads to a "waste of time and delays, that it increases the time and expense involved in these cases, and creates an inordinate delay between intake and final resolution." *Kuprion v. Fitzgerald,* 888 S.W.2d 679, 681 (Ky.1994). Hence, our current family court system was created. In those circuits where the Supreme Court has designated a family court division, matters set forth in KRS 23A.100, including child custody and visitation, are now exclusively vested in the family court.

The very purpose for the creation of the family courts is to consolidate litigation and controversies related to a family into one court. Splitting jurisdiction over custody matters involving children within the same family and, as a consequence, forcing the parties to litigate custody and visitation issues in two different jurisdictions, serves neither the reason for the UCCJEA nor for the creation of the family court system. As a general rule, the court should avoid such a result.

In this case, we have no difficulty in concluding that Kentucky has exclusive, continuing jurisdiction as to the visitation order as it pertains to Cody and as to Autumn and Weston. Michael is a Kentucky resident and visitation with the younger children has taken place in Kentucky. Just as important, the children's sibling, Cody, is a resident of this state. It is clear to this court that information relevant to the issue of visitation with all three children would be found in Kentucky.

■ Briefly, we address the issue of venue. Murecka contends that Christian County, where the last custody issue concerning Cody was presented and decided, is the proper venue. We disagree. In considering the proper forum for the visitation issue to be heard, we are concerned with venue and not jurisdiction. *Pettit v. Raikes,* 858 S.W.2d 171, 172 (Ky.1993). However, the same factors applicable to the jurisdictional issue in interstate custody disputes can be used for guidance when determining the question of the proper venue. Since its adjudication of the modification of the custody decree in 2002, there is nothing in the record to indicate that Christian County has had any contact either with the children or the parties; Hardin County is, therefore, the "more convenient and most interested forum" in which to decide the issue of modification of visitation. *Lancaster v. Lancaster,* 738 S.W.2d 116, 117 (Ky.App.1987).

This court realizes that if Michael and Cody have moved while this appeal has been pending, they are now residents of Hawaii and, as a result, the parties' visitation issues may have been pursued in another jurisdiction or resolved by the parties. On remand, the court shall first determine through telephonic status conference whether any other court has assumed jurisdiction over the parties' visitation dispute. If no other court has assumed jurisdiction, then the trial court shall inquire if either party continues to request a visitation schedule. If either

party requests a visitation schedule to be established by this trial court of original jurisdiction, then the trial court shall conduct a hearing and establish a visitation schedule which is reasonably based upon the distance between the parties' residences.

The trial court shall allow the parties to participate by telephone if requested.

ALL CONCUR.