Donald G. ELLIS, Appellant

v.

Theresa ELLIS, Appellee.

No. 2013–CA–000815–ME.

Court of Appeals of Kentucky.

Jan. 24, 2014.

Jennifer Scharnoski Nelson, Princeton, KY, for appellant.

Before CLAYTON, MAZE, and NICKELL, Judges.

*OPINION*

MAZE, Judge:

Donald Ellis appeals from an order of the Livingston Circuit Court which denied his petition to exercise jurisdiction to modify the provisions of an Indiana decree relating to custody and visitation with the parties' son. We conclude that the specific home state provisions of KRS 403.822 and the factors set out in KRS 403.834(2) to determine the appropriate forum must control over the more general policy against splitting custody matters between two states. In the current case, only Kentucky has the relevant evidence relating to custody and visitation of the son. Therefore, we conclude that the trial court abused its discretion by declining to exercise jurisdiction in this matter. Hence, we reverse and remand.

The relevant facts of this matter are not in dispute. Donald and Theresa Ellis were

divorced by a decree of the Circuit Court of Lake County, Indiana in February 2012. During those proceedings, they agreed upon split custody of their two children, with Donald having primary custody of their son and Theresa having primary custody of their daughter. Shortly before the entry of the final decree in that case, Donald and the son moved to Livingston County, Kentucky. Around the same time, Theresa and the daughter relocated from Indiana to Maricopa County, Arizona.

On December 19, 2012, Donald filed a petition in the Livingston Circuit Court seeking full faith and credit for the Indiana decree and modification of its terms as to custody and visitation of both children. However, in February of 2013, Theresa filed a petition with the Superior Court for Maricopa County, Arizona asking that court to accept jurisdiction over custody and visitation matters. Also in February 2013, the Indiana court relinquished jurisdiction since the parties and the children no longer resided there.

Since neither Kentucky nor Arizona entered the initial custody decree, neither state would have "exclusive continuing jurisdiction" pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). KRS 403.824. The parties have also stipulated that their son has never resided in Arizona and their daughter has never resided in Kentucky. In addition, the trial court recognized that all information concerning the son is available in Kentucky and all information concerning the daughter is available in Arizona. Consequently, either state would have jurisdiction over one child, but not over both.

In addressing this matter, the trial court concluded that splitting jurisdiction over the two children would be contrary to the spirit and intent of the UCCJEA. The trial court looked to the "inconvenient forum" provision of KRS 403.834(2). After examining the applicable factors, the court determined that it should defer jurisdiction over the son to Arizona, which would be a more convenient forum. Donald now appeals.

 As a preliminary matter, we note that Theresa has not filed a brief in this appeal. While a party's failure to file a brief may be taken as a confession of error, CR 76.12(8)(c), such a sanction is inappropriate in appeals involving child custody or support. *Galloway v. Pruitt*, 469 S.W.2d 556, 557 (Ky.1971). Furthermore, the issues presented in this appeal may be decided based upon the law and the undisputed evidence of record.

In the current case, Kentucky did not issue the original custody decree and consequently does not have exclusive continuing jurisdiction to modify custody or visitation under KRS 403.824. Rather, Donald has asked a Kentucky court to modify the provisions of the Indiana decree under the provisions of KRS 403.826. Indiana has declined to exercise its exclusive continuing jurisdiction. Under such circumstances, Kentucky may exercise jurisdiction to modify if it would have jurisdiction to make an initial determination under KRS 403.822(1). KRS 403.826.

 KRS 403.822(1) sets out the "home state" requirements for jurisdiction to make an initial determination of custody as follows:

(a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state; or

(b) A court of another state does not have jurisdiction under paragraph (a) of this subsection, or a court of the home

state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under KRS 403.834 or 403.836; and

1. The child and the child's parents, or the child and at least one (1) parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

2. Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships; or

(c) All courts having jurisdiction under paragraph (a) or (b) of this subsection have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under KRS 403.834 or 403.836; or

(d) No court of any other state would have jurisdiction under the criteria specified in paragraph (a), (b), or (c) of this subsection.

As the trial court recognized, Kentucky is clearly the home state of the son, while Arizona is clearly the home state of the daughter. The only issue is whether Kentucky should decline to exercise jurisdiction because Arizona is a more appropriate forum to exercise jurisdiction over both children. In making this determination, KRS 403.834(2) directs the court to consider "all relevant factors," including:

(a) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(b) The length of time the child has resided outside this state;

(c) The distance between the court in this state and the court in the state that would assume jurisdiction;

(d) The relative financial circumstances of the parties;

(e) Any agreement of the parties as to which state should assume jurisdiction;

(f) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(g) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(h) The familiarity of the court of each state with the facts and issues in the pending litigation.

In this case, there are no allegations of actual physical violations (stated in court's order). At the time of the filing of the petition, the son had resided in Kentucky for about a year. However, all of the evidence relating to the son is to be found in Kentucky and the child has no connection to Arizona other than the mother and his sister. On the other hand, the trial court consulted with the Arizona court in this matter over which state should exercise jurisdiction. The Arizona court has the authority to accept jurisdiction over the son if Kentucky declines to do so. Both parties will be equally inconvenienced by having to travel to the other forum. Theresa has slightly greater income than Donald, but both have limited means.

In declining to exercise jurisdiction, the trial court relied extensively on *Wallace v. Wallace*, 224 S.W.3d 587 (Ky.App.2007). In *Wallace*, the parents were divorced in Kentucky. The father remained in Kentucky with one child, but the mother had moved to Tennessee with the other two children. The father, a member of the United States Army, received orders to relocate to Hawaii. Shortly before the transfer, he filed a motion with a Kentucky court seeking to modify the visitation provisions with respect to all three children.

The trial court dismissed the petition, concluding that it lacked jurisdiction to modify visitation with the two children in Tennessee. *Id.* at 588–89.

On appeal, this Court reversed and remanded. Since Kentucky issued the original custody order, this Court held that Kentucky retained continuing jurisdiction until another state assumes jurisdiction. The Court further concluded that Kentucky retained jurisdiction over the child who remained in Kentucky, but that Tennessee would likely have the most significant connection to the two children who resided there with their mother. *Id.* at 590–91. However, the Court added, in dicta, that splitting jurisdiction between two states is inconsistent with the purposes to the UCCJEA and should generally be avoided. *Id.* at 591.

Donald points out that in *Wallace*, Kentucky retained exclusive continuing jurisdiction over all of the children even though two of the children no longer resided in the state. In contrast, the current case involves a situation where the son has never resided in Arizona while the daughter has never resided in Kentucky. Thus, though he argues that split jurisdiction is unavoidable since neither Kentucky nor Arizona could exercise jurisdiction over both children, Donald also points out that Arizona has no connection with his son and there is no evidence is available in Arizona concerning that child.

We agree with the Court in *Wallace* that splitting of jurisdiction in custody matters conflicts with the purposes of the UC-CJEA and should generally be avoided. However, we do not read this to mean that consolidation of custody matters is required where the children reside in different states. On the other hand, while Kentucky clearly may accept jurisdiction to modify another state's custody order, the trial court has the discretion to decline jurisdiction where another state would be a more appropriate forum.

But under the circumstances, we must conclude that the trial court abused its discretion in finding that Arizona would be a more appropriate forum. While we appreciate the trial court's concern about splitting the custody matters on the two children, the home state requirements of KRS 403.822 and the factors set out in KRS 403.834 must control over this general policy. Kentucky is clearly the son's current home state and Arizona would not have jurisdiction unless Kentucky declined to exercise modification jurisdiction. Moreover, it appears obvious that Donald would be placed at a significant disadvantage if he must litigate the custody and visitation issues relating to his son in Arizona. Arizona has no connection to the son and no relevant evidence about that child is located in that state. Donald must not only travel to Arizona to pursue this matter, he must also provide all relevant evidence and witnesses to a court in a distant state. Indeed, none of the applicable factors of KRS 403.834(2) would favor Arizona's exercise of jurisdiction over Kentucky. Therefore, we must conclude that the trial court's decision to decline modification jurisdiction was "arbitrary, unreasonable, unfair or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.1999).

Accordingly, the order of the Livingston Circuit Court is reversed and this matter is remanded for further proceedings on the merits of Donald's petition to modify the custody and visitation provisions of the decree relating to the parties' son.

ALL CONCUR.