Shannon **PATTERSON**, Petitioner

v.

Honorable Paul K. **WINCHESTER**, Judge, Whitley Circuit Court, Respondent

Jack Corcoran, Real Party in Interest

NO. 2015–CA–001388–OA

Court of Appeals of Kentucky.

RENDERED: JANUARY 22, 2016; 10:00 A.M.

Counsel for Petitioner: Kelly K. Ridings, London, Kentucky.

Counsel for Real Party in Interest: Larry B. West, Corbin, Kentucky.

BEFORE: COMBS, JONES, AND THOMPSON, JUDGES.

*OPINION AND ORDER*

JONES, JUDGE:

This case is before the Court, pursuant

to CR[1] 76.36, on three petitions for writs asking this Court to 1) prohibit the Whitley Circuit Court from enforcing its order resuming the parental visitation schedule of Real Party in Interest Corcoran; 2) prohibit the court from "modifying, amending, vacating or reversing" a Domestic Violence Order (DVO) entered against Corcoran by the Fayette Family Court; and 3) mandate that the Whitley Circuit Court honor the Fayette Family Court's DVO.

Shannon Patterson and Jack Corcoran are the biological parents of two children, born September 14, 2011, and March 31, 2013. Patterson commenced an action in the Whitley Circuit Court regarding the custody and support of the children. On May 8, 2014, the Whitley Circuit Court entered an agreed order awarding Patterson and Corcoran joint custody and specifying timesharing and visitation schedules. Subsequent timesharing orders were entered on December 11, 2014, and March 24, 2015. The March 24, 2015, order specified that the parents would meet in Lexington to exchange the children because Corcoran had moved to Ohio.

During an exchange in Lexington on May 2, 2015, the parties had a disagreement and Corcoran was unable to exercise visitation with the children. Patterson, who had her mother videotape the attempted exchange, called police alleging domestic violence against Corcoran, who had left the scene. Nearly three weeks later, on May 21, 2015, Patterson filed a domestic violence complaint in the Fayette District Court, and an emergency protection order was entered against Corcoran on behalf of Patterson and the two children. Corcoran was served with the order in Whitley Circuit Court on July 24, 2015. Meanwhile, on May 29, 2015, Corcoran filed a motion for contempt against Patterson for refusing to allow visitation per the Whitley Circuit Court order. On August 6, 2015, the Fayette Family Court conducted a hearing on the domestic violence complaint and issued a Domestic Violence Order (DVO) against Corcoran, who represented himself at the hearing.[2] The DVO awarded Patterson temporary custody of the two children and directed that Corcoran not have visitation until the completion of an assessment by Fayette County's Friend of the Court.

On August 10, 2015, Corcoran returned to Whitley Circuit Court, the court with jurisdiction and venue over the custody and visitation case, and filed a motion for sole custody and for restoration of his visitation rights which had been abrogated by the Fayette County DVO. In response, Patterson filed a motion to transfer venue to a third jurisdiction, the Laurel County Family Court.

On August 24, 2015, the Whitley Circuit Court entered an order allowing Corcoran to continue visitation with the children, "said visitation notwithstanding the DVO entered in Fayette Family Court." The court also denied Patterson's motion to transfer venue to Laurel County. On September 9, 2015, Corcoran filed motions asking Whitley Circuit Court to confer with Fayette Family Court regarding the conflicting orders, and to hold Patterson in contempt. A hearing was scheduled for September 24, 2015.[3] Before the hearing could be held, Patterson filed this original action, along with a motion for intermediate relief. We denied the motion for inter-

---

1. Kentucky Rules of Civil Procedure

2. Fayette Family Court case 15–D–00378–001.

3. On September 21, 2015, Corcoran filed a notice in the Whitley Circuit Court withdrawing his motion to hold Patterson in contempt.

mediate relief on September 23, 2015. We now address the petitions for prohibition and mandamus.

■ The standard governing the issuance of an extraordinary writ is well established:

A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004) (emphasis in original).

Patterson seeks a writ prohibiting the Whitley Circuit Court from enforcing its visitation order and a writ prohibiting it from modifying the Fayette Family Court's DVO.[4] She first argues that the Whitley Circuit Court is acting outside its jurisdiction because it is acting as an appellate court by essentially reversing the Fayette court's custody and visitation decision.

■ This argument must fail. "[S]ubject-matter jurisdiction relates to a court's ability to hear a particular kind of case, not [a] particular case." *Davis v. Wingate*, 437 S.W.3d 720, 726 (Ky. 2014). It is likewise important to recognize that a circuit court's power to act is not constrained by territorial limitations. *Winstead v. Commonwealth*, 327 S.W.3d 386, 410 (Ky. 2010). "[T]here is one circuit court for the entire state, and all of its judges are members of the same court with equal power to act throughout the Commonwealth." *Id.* The Whitley Circuit Court has jurisdiction to hear custody and visitation cases. Therefore, we reject Patterson's argument that the Whitley Circuit Court is acting outside of its jurisdiction.

■ In the alternative, Patterson seeks writs prohibiting the Whitley Circuit Court from enforcing its visitation order or amending the Fayette Family Court's DVO. She argues the circuit court, although acting within its jurisdiction, is acting erroneously. In order for a writ to issue, therefore, she must show that the circuit court is in error, that she has no remedy by appeal or otherwise, and that great injustice and irreparable injury will result. *See Gilbert v. McDonald–Burkman*, 320 S.W.3d 79, 85 (Ky. 2010). Patterson cannot meet this burden. There is no question that she will have the opportunity to appeal any final order by the Whitley Circuit Court.

■ Finally, Patterson seeks a writ of mandamus ordering the Whitley Circuit Court to abide by the Fayette Family Court's DVO denying Corcoran visitation with his children. She argues that the DVO should take precedence over the earlier custody and visitation order because the order protects all parties—Patterson, Corcoran, and the two children. Patterson is incorrect. Neither order takes precedence over the other. And, Patterson cannot "force" the Whitley Circuit Court to conform its custody orders in a separate DVO action. Accordingly, the writ will be denied on this basis as well.

---

4. Patterson separately argues for a writ prohibiting the Circuit Court from enforcing its order of visitation and for a writ prohibiting any amendment of the DVO. This Court addresses the two petitions together because they are intertwined: to prohibit the court from enforcing its order is to prohibit it from interfering with or "amending" the DVO.

We pause to note our disapproval of the fractured and haphazard progression of this matter. We believe that this entire procedural mess could have been avoided had the Fayette Family Court transferred the DVO action to Whitley Circuit Court. Venue for a DVO action may lie in more than one court. *See Holt v. Holt*, 458 S.W.3d 806, 811 (Ky. App. 2015). And, by their very nature, DVO petitions often must be filed quickly and sometimes cannot be filed in the same county where the parties' visitation and custody action is pending. Nonetheless, there is a far more orderly process available to handle DVO actions filed when there are also ongoing dissolution or custody proceedings pending between the parties. If a petitioner, like Patterson, files a DVO petition in a county different than the one where custody proceedings are ongoing, it is entirely appropriate for the court where the DVO petition was filed to issue any emergency orders necessary to ensure that the alleged victims are appropriately protected. Thereafter, however, the best practice is for the court where the DVO was filed to transfer the DVO action to the court where the custody action is already pending. We believe this is precisely why the General Assembly requires "[a]ny family member or member of an unmarried couple who files a petition for an emergency protective order in District or Circuit Court shall make known to the court any custody or divorce actions, involving both the petitioner and the respondent, that are pending in any Circuit Court in the Commonwealth." KRS 403.725. If the court where the DVO was filed does not *sua sponte* transfer the matter, the parties can, and should, request the court to do so. This is in accord with the general purpose of having family courts. *Wallace v. Wallace*, 224 S.W.3d 587, 591 (Ky. App. 2007). "The 'one judge, one family' approach is a remedy to the fractionalization of family jurisdiction." *Id.*

For the foregoing reasons, the Court ORDERS that the petitions for writs of prohibition and the petition for a writ of mandamus be, and hereby are, DENIED.

ALL CONCUR.