RENDERED:  SEPTEMBER 25, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1802-ME

JOSHUA ESTERLINE                                           APPELLANT

v.
                     APPEAL FROM CARTER CIRCUIT COURT
                     HONORABLE DAVID D. FLATT, JUDGE
                     ACTION NO. 18-CI-00153

KELI ESTERLINE                                               APPELLEE

OPINION
REVERSING

** ** ** ** **

BEFORE:  ACREE, KRAMER, AND TAYLOR, JUDGES.

KRAMER, JUDGE:  Joshua Esterline appeals from a final order of the Carter Family Court that determined custody and timesharing of the parties' minor child, as well as distribution of real and personal property in their divorce proceedings. After careful review, we reverse the Carter Family Court.

        The parties married in 2010, and Keli Esterline filed a petition for dissolution of marriage in May 2018.  The parties have one minor child.  A decree

of dissolution was entered pursuant to *Putnam v. Fanning*, 495 S.W.2d 175 (Ky. 1973) in July 2018, and the family court reserved on issues of custody, timesharing, and distribution of property.  A temporary order was entered granting joint custody of the minor child and giving Joshua timesharing every Sunday at 8:00 a.m. until Tuesday at 8:00 p.m.  The final hearing was divided into two dates, the first in October 2018, and the final date on January 31, 2019.  At the outset of the second hearing and upon Joshua's motion, the family court entered a directed verdict giving Joshua equal timesharing with the parties' minor child, ruling from the bench that

> [t]he court is of the opinion that the presumption [of equal timesharing] is one that is to be taken quite seriously by the court.  I have heard no evidence that shared custody would not be in the best interest of the child and that presumption has not been overcome.  I will sustain the motion [for directed verdict].

Approximately one week after the final hearing date, Keli's counsel made a motion to withdraw.  The family court entered an order on February 20, 2019, giving Keli thirty (30) days to obtain new counsel and "an additional twenty (20) days from the date of the last hearing to submit proposed orders and findings of fact."  Nevertheless, the family court entered its findings of fact, conclusions of law, and order on February 21, 2019.  On February 27, 2019, Keli's new counsel filed an entry of appearance and a motion to alter, amend, or vacate the family court's February 21, 2019 order.  The motion stated only that "[i]n support of this

motion, [Keli] states that the Court entered an order on February 20th, 2019 allowing [Keli] 30 days to obtain new counsel." The family court heard the motion on March 12, 2019. The hearing was brief, and Keli's new counsel's argument, in its entirety, was

> [t]hat was my motion, your honor. [Keli's former counsel] withdrew and the court had given some time to submit proposed findings and they were not submitted before his withdrawal. We just ask for an opportunity to submit proposed findings.[1]

Keli did not specify what in particular she wished to alter, amend, or vacate in the family court's February 21, 2019 order. Joshua's counsel objected, and the family court stated, "The matter will be submitted, you can submit whatever you want."

The record before us is unclear as to if or when Keli's counsel submitted proposed findings to the family court. However, on October 10, 2019, the family court entered an order granting Keli's motion to alter, amend, or vacate. The new order greatly altered the February 21, 2019 order regarding timesharing and property distribution. Joshua filed a motion to alter, amend, or vacate the October 10, 2019 order, which was denied without explanation by the family court. This appeal followed.

---

[1] The family court announced that the parties had twenty (20) days to submit proposed findings at the conclusion of the final hearing on January 31, 2019.

-3-

Joshua makes four arguments on appeal. He asserts that the family court abused its discretion by 1) failing to award him equal timesharing; 2) granting his directed verdict regarding equal timesharing, but then failing to provide for same in its October 10, 2019 order; 3) awarding Keli $20,000.00 as her non-marital interest in the mobile home and $5,000.00 for her marital interest; and 4) ordering Joshua to pay Keli for any non-marital interest in the Kia Sorento.

We first note that Keli failed to file an appellee brief. CR[2] 76.12(8)(c) provides a range of penalties that may be levied against an appellee for failing to file a timely brief. *St. Joseph Catholic Orphan Society v. Edwards*, 449 S.W.3d 727, 732 (Ky. 2014). The Court may "(i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." CR 76.12(8)(c). While a party's failure to file a brief may be taken as a confession of error, such a sanction is usually inappropriate in appeals involving child custody, support, or visitation. *Ellis v. Ellis*, 420 S.W.3d 528, 529 (Ky. App. 2014). We do not take Keli's failure to file a brief as a confession of error related to the issues of timesharing only, although we do accept Joshua's statement of the facts and issues as correct. CR 76.12(8)(c)(i). However, pursuant to CR

---

[2] Kentucky Rule of Civil Procedure.

76.12(8)(c)(iii), we do consider Keli's failure to file a brief as a confession of error regarding the distribution of property and reverse the family court's judgment without considering the merits of those issues.

We review Joshua's arguments regarding timesharing of the minor child for an abuse of discretion by the family court. "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Sexton v. Sexton*, 125 S.W.3d 258, 272 (Ky. 2004). We are mindful that, "unless absolute abuse [of discretion] is shown, the appellate court must maintain confidence in the trial court and not disturb the findings of the trial judge." *Clark v. Clark*, 782 S.W.2d 56, 60 (Ky. App. 1990). The family court's drastic change regarding timesharing from its February 21, 2019 order to its October 10, 2019 order, without hearing any further evidence, is not only perplexing to this Court, but is also an abuse of discretion.

We examine Joshua's first and second arguments together. Keli was seeking to restrict Joshua's timesharing with the minor child to every other weekend at the time of the final hearing. However, after Keli concluded her case in chief, Joshua moved for a directed verdict, arguing that Keli had presented no evidence to overcome the presumption of equal timesharing,[3] and asked that his temporary timesharing schedule be expanded to begin Saturday at 8:00 a.m. and

---

[3] *See* Kentucky Revised Statute (KRS) 403.270(2).

conclude Tuesday at 8:00 p.m. every week. The family court agreed and granted the motion. Because of that, Joshua did not present any evidence to the family court in support of his request for equal timesharing. The February 21, 2019 order reflected the directed verdict initially made from the bench and included Joshua's requested expansion of his timesharing. Yet, without any additional evidence before it, the family court then restricted Joshua's timesharing with the child to even less time than he was granted in the temporary order. In reducing Joshua's time with the child in its October 10, 2019 order, the family court ruled that

> [t]he Court makes this finding due solely to the amount of time which the parties can spend with the child, and not find it necessary to utilize caregivers outside of the family. The Court finds it is in the best interest of this child to have a parent as a caregiver.

Joshua testified that he is off work on Sunday, Monday, and Tuesday and that he works third shift. Joshua also lives with his brother, Zachary, who is with the child while he is asleep if Joshua is at work. Joshua testified regarding the child's close relationship with Zachary; this was unrefuted by Keli. The drastic change in Joshua's timesharing by the family court in the October 10, 2019 order was arbitrary and an abuse of discretion. We, therefore, reverse the circuit court.

Regarding the distribution of property, the decision as to how to proceed in imposing penalties under CR 76.12(8)(c) is a matter committed to our discretion. *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007). Joshua

argues that the family court abused its discretion in its October 10, 2019 order regarding distribution of marital property when it again, and without any explanation or additional evidence before it, drastically altered its February 21, 2019 order regarding Keli's interest in the marital home and the amount Joshua was to pay to her for that interest.[4]  Joshua further argues that the family court abused its discretion by ordering him to pay Keli any marital interest in the Kia Sorento, which had been traded for a 2018 Jeep in which the parties had no equity because it was leased.  Taking Joshua's statement of facts as true, we also regard Keli's failure to file a brief as a confession of error regarding these issues and reverse the family court without addressing the merits of Joshua's arguments pursuant to CR 76.12(8)(c)(iii).

Accordingly, we REVERSE the Carter Family Court's order entered October 10, 2019.

ALL CONCUR.

---

[4] In the February 21, 2019 order, the family court found that Keli's mother had given both parties a gift of $20,000.00 to put towards the mobile home which was the marital residence.  The evidence supports this finding.  The family court also ordered Joshua to pay Keli one half of the equity interest, or $8,000.00.  Without explanation or additional evidence, the family court completely changed this finding in the October 10, 2019 order and instead ruled that the $20,000.00 was a gift to Keli only and Joshua was to repay Keli the same amount for her non-marital interest plus an additional $5,000.00 for her marital interest.

BRIEF FOR APPELLANT:                    NO APPELLEE BRIEF FILED

Tracy D. Frye
Russell, Kentucky