RENDERED:  SEPTEMBER 3, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1255-MR

DARIAN R. CLAY                                         APPELLANT


v.                 APPEAL FROM JEFFERSON FAMILY COURT
HONORABLE DENISE D. BROWN, JUDGE
ACTION NO. 20-CI-500977


MARICARMEN RIVERA                                     APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND K. THOMPSON, JUDGES.

CALDWELL, JUDGE:  Darian R. Clay ("Clay") appeals the order of the Jefferson Family Court assigning venue over the continuing litigation concerning the custody of his minor child to the Oldham Family Court after the child's mother, Maricarmen Rivera ("Rivera"), moved to Oldham County and after the Oldham Family Court had entered orders related to custody, and visitation of the child.  We affirm.

## FACTS

Clay and Rivera were never married, but did have a child together, born in 2010. The relationship ended soon after the birth of the child and litigation began in Jefferson Family Court in 2011 through the filing of a paternity action. The parties had almost continuous litigation over custody, visitation, and support over the next several years in that same action.

At some time between 2016 and 2019 (exactly when is not clear from the record before this Court) Rivera, having primary custody of the minor child, moved with the child to Oldham County. In 2019, Rivera sought a domestic violence order (DVO) from the Oldham Family Court, which was granted on May 17, 2019. Clay appealed that order, arguing, *inter alia*, that Oldham County was not the proper venue in No. 2019-CA-0938-MR, 2020 WL 748726 (Ky. App. Feb. 14, 2020).[1]

---

[1] From the Court's Opinion in that matter at *2:

> On May 1, 2019, the Oldham Circuit Court rendered an amended emergency protective order ("EPO") barring Father from any contact with his minor child "H.C." (hereinafter "Child"). The EPO was based on an allegation of Child's biological mother, Maricarmen Rivera ("Mother"), that Child had bruises and was acting withdrawn after having been in Father's care. Mother had noticed the bruising on Child's bottom, and took her to a pediatrician who alerted Child Protective Services of possible abuse. Mother stated that when she asked Father about the bruises, he indicated that he had "whooped her" because she had broken a karaoke machine.
>
> On May 17, 2019, the Oldham Circuit Court entered a DVO which forms the basis of the instant appeal. Via the DVO, the circuit court ordered Father not to have any contact with Child other than supervised, scheduled visitation. The DVO had a term of one year. Father now appeals from the DVO.

In an unpublished Opinion, this Court upheld the entry of the one-year DVO on the merits and specifically found that either Jefferson or Oldham County would be the proper venue over the matter.

> In the matter at bar, Mother could properly file her petition in her county of residence, Oldham County, or the county of any pending dissolution proceeding. Mother and Father are not married, and no dissolution action was pending in Jefferson Circuit Court. Even if venue was proper in Jefferson Circuit Court based on the adjudication of ongoing custody matters – which Father has not shown – venue would have been proper in either Oldham or Jefferson Circuit Court. Father has not demonstrated that Oldham Circuit Court was an improper venue, and we find no error on this issue.

*Id*. at *5.

As the expiration of the DVO neared, Rivera moved to extend it and filed a civil custody action in Oldham Family Court.[2] The DVO was extended by the Oldham Family Court.[3] Three days after the hearing at which the DVO was extended and after the filing of the custody action in Oldham Family Court, Clay filed a custody action in Jefferson Family Court.[4]

---

[2] Clay moved this Court to take judicial notice pursuant to Kentucky Rule of Evidence 201 of the expiry of the DVO, before it was extended by order, on May 17, 2021. That motion was granted by this Court.

[3] 20-CI-000205, Oldham Family Court.

[4] 20-CI-500977, Jefferson Family Court.

The Jefferson Family Court dismissed Clay's custody action, finding, in part:

> The parties have one (1) minor child in common. The parties have a previous Jefferson County action, filed in 2011. Since that time, Respondent and the minor child have moved to Oldham County, where they continue to reside. The parties have participated in litigation regarding the child through a Domestic Violence case in Oldham County. Respondent in this case subsequently filed a circuit custody action in Oldham County, as the Petitioner in that case. That action is pending. The most recent action relating to the custody and visitation of the minor child are through the Oldham County Domestic Violence action. Therefore, this court concludes Oldham County is the proper venue to hear the parties' case. This action is hereby **DISMISSED**.

Clay now appeals from that order, arguing that venue properly lay in Jefferson County, not Oldham County, and that the Jefferson Family Court erred in dismissing his custody action. For the following reasons, we affirm the order of Jefferson Family Court.

## STANDARD OF REVIEW

Assigning venue over a particular action before a trial court is a question of discretion. Thus, the review of a determination of venue is for an abuse of discretion. *Lancaster v. Lancaster*, 738 S.W.2d 116, 117 (Ky. App. 1987).

## ANALYSIS

As this Court held in the prior appeal instituted by Clay in response to the entry in Oldham County of the DVO, venue properly lay in both Jefferson and Oldham Counties, concurrently. Thus, it was not an abuse of discretion for the Jefferson Family Court to determine that of the two proper venues, Oldham County was the more appropriate situs of the custody determination – given Oldham County was the county of residence of the minor child and because Oldham County had most recently handled the litigation between the parties.

Clay mistakenly believes that the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) is controlling in this matter, citing it throughout his briefings to this Court. As Rivera points out in response, the UCCJEA is applicable only in litigations involving two or more states and is not applicable to intrastate causes. Though this Court and the Kentucky Supreme Court have noted that the considerations of the UCCJEA might prove useful in determining venue considerations, they are not mandatory in such determinations.[5]

---

[5] These considerations are found in Kentucky Revised Statute 403.834(2):

> (a) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
> (b) The length of time the child has resided outside this state;
> (c) The distance between the court in this state and the court in the state that would assume jurisdiction;
> (d) The relative financial circumstances of the parties;
> (e) Any agreement of the parties as to which state should assume jurisdiction;

> In considering the proper forum for the visitation issue to be heard, we are concerned with venue and not jurisdiction. *Pettit v. Raikes*, 858 S.W.2d 171, 172 (Ky. 1993). However, the same factors applicable to the jurisdictional issue in interstate custody disputes can be used for guidance when determining the question of the proper venue.

*Wallace v. Wallace*, 224 S.W.3d 587, 591 (Ky. App. 2007).

"The UCCJEA is concerned with a child's substantial connection to the state at issue, not where the child resides within the state." *Curry v. Curry*, 430 S.W.3d 909, 912-13 (Ky. App. 2014). Further, what Clay proposes would have two different courts litigating custody and visitation issues for this child, which is contrary to the purpose of the creation of family courts and is not in the best interests of the child.

> The very purpose for the creation of the family courts is to consolidate litigation and controversies related to a family into one court. Splitting jurisdiction over custody matters involving children within the same family and, as a consequence, forcing the parties to litigate custody and visitation issues in two different jurisdictions, serves neither the reason for the UCCJEA nor for the creation of the family court system. As a general rule, the court should avoid such a result.

*Wallace*, 224 S.W.3d at 591.

---

(f) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(g) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(h) The familiarity of the court of each state with the facts and issues in the pending litigation.

# **CONCLUSION**

The Jefferson Family Court did not abuse its discretion in dismissing the civil custody action filed by Clay because Rivera had previously filed such action in Oldham County, a venue which had already addressed custody and visitation concerns most recently. The order of the Jefferson Family Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Darian R. Clay, *pro se*
Louisville, Kentucky

BRIEF FOR APPELLEE:

Ben Wyman
Carrollton, Kentucky