RENDERED: JUNE 12, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0800-MR

MVELA BINDA JULIA                                                          APPELLANT

APPEAL FROM HARDIN CIRCUIT COURT
v.        HONORABLE DAWN LONNEMAN BLAIR, JUDGE
ACTION NO. 22-CI-01682

JEAN DE DIEU MWISENEZA                                             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, KAREM, AND McNEILL, JUDGES.

KAREM, JUDGE: Mvela Julia ("Julia") appeals a single issue contained in the

Hardin Circuit Court's findings of fact, conclusions of law, and decree of

dissolution. Specifically, Julia argues she should not be required to obtain a court

order prior to traveling out of the United States with the parties' minor child, C.M.

We affirm the trial court.

The parties were married in August 2021, and separated in November 2022, but C.M. was born several years prior to the marriage. Jean De Dieu Mwiseneza ("Mwiseneza") is in the United States Army and was stationed at Fort Knox. Upon separation of the parties, Julia moved to Maine. After Mwiseneza filed for divorce in the Hardin Circuit Court, he was transferred from Fort Knox to Hawaii. The record shows C.M. lived with him in Hawaii prior to entry of a temporary order on August 21, 2023, that granted joint custody to the parties but ordered that C.M. reside with Julia in Maine.

A final hearing was held on February 13, 2025. Although the parties had agreed on some issues prior to the hearing, at issue were Mwiseneza's military retirement, distribution of personal property, child support, and visitation. The parties agreed to share joint custody of C.M. prior to the hearing. The trial court entered findings of fact, conclusions of law, and a decree of dissolution on March 4, 2025. Julia filed a motion to alter, amend, or vacate the final order pursuant to Kentucky Rule of Civil Procedure ("CR") 59.05. The trial court granted the motion in part and denied in part. This appeal followed.

**Standard of Review**

Trial courts are given broad discretion in child custody and visitation matters. *See Drury v. Drury*, 32 S.W.3d 521, 525 (Ky. App. 2000). Absent an abuse of discretion, we will not disturb the court's judgment. *Young v. Holmes*,

-2-

295 S.W.3d 144, 146 (Ky. App. 2009). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

**Analysis**

We begin by noting that Mwiseneza failed to file a brief in this appeal. When an appellee fails to file a brief, our options are to "(a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." Kentucky Rule of Appellate Procedure ("RAP") 31(H)(3). However, in *Ellis v. Ellis*, 420 S.W.3d 528 (Ky. App. 2014), this Court reiterated that an appellee's failure to file a brief should not be taken as a confession of error in cases involving child custody or support. *Id.* at 529. Because the issue before us is extremely narrow, we similarly do not believe such a sanction is appropriate in the case at bar.

Julia claims the trial court's requirement that C.M. shall not leave the United States without a court order is not supported by substantial evidence. We disagree. The record before us shows Julia is not a United States Citizen. She is from Angola and still has family and property outside of the United States.

Mwiseneza is from Rwanda and, although he is in the United States Army, his citizenship status is not contained in the record before us, and it is unknown if he still has family or property in Rwanda or if he ever visits. The trial court order pertained to travel of C.M. outside of the United States regardless of where she would be traveling or who would accompany her.

The final hearing was lengthy and a large portion of it focused on travel of C.M. between Hawaii and Maine for visitation. Mwiseneza wanted C.M., who was seven years old at the time, to be able to travel alone on a direct flight from Boston to Hawaii to save costs. Julia disagreed, but when the trial court questioned her directly about other potential airports or other ideas for visitation, Julia pushed back and stated her travel plans should not be anyone else's business. The court ultimately ordered that C.M. must be accompanied by a parent for her flights to and from Hawaii (Mwiseneza was to accompany her to Hawaii and Julia was to accompany her back to Maine) and that each party could select which airports they wished to use. In other words, C.M.'s travel was a contested issue before the trial court and the parties were unable to agree. The issue was complicated by the fact that Mwiseneza is frequently deployed for missions and his station changes regularly. For example, he testified he would likely be moving from Hawaii in June 2026, but his new station was unknown. The requirement for

the parties to obtain a court order for C.M. to travel internationally was a natural extension of the underlying disagreement.

In her CR 59.05 motion, Julia requested,

that the Order set out that, if the parties can agree upon terms of travel for [C.M.], that she be allowed to travel without the unneeded legal fee expense to obtain a court order. [Julia] has limited means currently which would preclude her ability to seek the Court's approval if the parties otherwise agree. Adding this additional expense and process to her would be manifestly unjust.

In its order granting Julia's motion in part and denying in part, the trial court held:

Considering the present situation with [Julia's] immigration status, the award of joint custody and coupled with the parties['] inability to agree on things to this point, this Court believes it is most prudent at this time to require an order. This order does not prevent the parties from reaching an agreement to avoid the expense of significant litigation. In fact, it is as simple as tendering an Agreed Order which reflects that both parties are on the same page and in fact agree to out of country travel. In those type of situations, the expense would be minimal, and that expense is far outweighed by the expense involved wherein the child is removed from the United States and one party alleges they did not agree to it.

We agree with the trial court that submission of an agreed order regarding international travel of C.M. is not overly burdensome with regard to time or expense of the parties. Moreover, the parties share joint custody. "A joint custody award envisions shared decision-making and extensive parental

-5-

involvement in the child's upbringing, and in general serves the child's best interest." *Drury v. Drury*, 32 S.W.3d 521, 524 (Ky. App. 2000) (citation omitted). *If* the parties agree on international travel for C.M., an agreed order to that end is a simple solution. However, in a joint custody situation, one parent cannot simply usurp the wishes of the other, so a court order is appropriate if Julia and Mwiseneza cannot agree on international travel for C.M.

Julia also argues the Privileges and Immunity Clause of Article IV of the United States Constitution, which are applicable to her as an asylum seeker. This argument is raised for the first time on appeal. The law is well-settled that "[t]he Court of Appeals is without authority to review issues not raised in or decided by the trial court." *Reg'l Jail Auth. v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989). We therefore will not address it.

## Conclusion

For the foregoing reasons, the judgment of the Hardin Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:        NO BRIEF FOR APPELLEE.

William P. Koehler, III
Louisville, Kentucky