SMALLWOOD, JUDGE:
Darla Dellapenta appeals from an order of the Bath Circuit Court which granted sole custody of her two minor children to Brandon Goldy, the father of one child and putative father of the other. Appellant asserts that the circuit court lacked jurisdiction over the custody issue because Colorado was the home state of the child. We agree and vacate the order on appeal.
The children at issue in this case were born in North Carolina. In 2012, the parties moved from North Carolina to Kentucky. They then moved to West Virginia in early 2015. About April of 2015, Appellant and the children moved to Colorado and Appellee moved back to Kentucky. Appellant later allowed the children to return to Kentucky to stay with Appellee on June 23, 2015. According to Appellant's testimony, this was because she was having difficulty finding child care for the summer and the children were to return to Colorado in the fall when school started.
When the school year began, Appellant did not return for the children. Appellee then enrolled the children in school in Kentucky in early September of 2015. Appellee filed a petition for custody of the children on December 1, 2015. Appellant and Appellee had contact during the time when the children were with Appellee; however, Appellant did not attempt to retrieve the children until December of 2015.
The court in this case exercised jurisdiction pursuant to Kentucky Revised Statute (KRS) 403.822. KRS 403.822 states:
(1) Except as otherwise provided in KRS 403.828, a court of this state shall have jurisdiction to make an initial child custody determination only if:
(a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state; or
(b) A court of another state does not have jurisdiction under paragraph (a) of this subsection, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under KRS 403.834 or 403.836 ; and
1. The child and the child's parents, or the child and at least one (1) parent or a *699 person acting as a parent, have a significant connection with this state other than mere physical presence; and
2. Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships; or
(c) All courts having jurisdiction under paragraph (a) or (b) of this subsection have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under KRS 403.834 or 403.836 ; or
(d) No court of any other state would have jurisdiction under the criteria specified in paragraph (a), (b), or (c) of this subsection.
(2) Subsection (1) of this section is the exclusive jurisdictional basis for making a child custody determination by a court of this state.
(3) Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination.
KRS 403.800(7) defines home state as:
the state in which a child lived with a parent or a person acting as a parent for at least six (6) consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six (6) months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period[.]
Believing that neither Colorado nor Kentucky met the definition of home state, the trial court exercised jurisdiction pursuant to KRS 403.822(1)(d). The court found that the children only lived in Colorado from April of 2015 until they returned to Kentucky in June of 2015. The court also found that the children had not been in Kentucky a full 6 months in order to invoke home state jurisdiction.
Appellant made multiple motions to dismiss in this case. She argued that Colorado was the appropriate state to exercise jurisdiction over the children because the return to Kentucky in June was intended only as a temporary absence from the state, all parties knew it would only be temporary, and the plan was always for the children to return to Colorado in the fall for school. The trial court rejected this argument and a custody hearing was ultimately held. The trial court entered an order on July 10, 2017, awarding sole custody to Appellee and this appeal followed.
We note at the outset that Appellee did not file a brief in this case. Kentucky Rule of Civil Procedure (CR) 76.12(8)(c) states:
If the appellee's brief has not been filed within the time allowed, the court may: (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.
Because Appellee did not file a brief, we will accept Appellant's statement of facts and issues as correct.
The primary issue on appeal is whether the Bath Circuit Court had jurisdiction over this case. Jurisdictional issues pertaining to child custody are reviewed de novo. Ball v. McGowan , 497 S.W.3d 245, 249 (Ky. App. 2016). We find that the Bath Circuit Court did not have jurisdiction. Appellant has consistently argued that the children's absence from Colorado was only temporary and that Colorado should have home state jurisdiction over custody matters.
This Court could find no published case law detailing what should be considered *700 when determining "temporary absence." We have found an unpublished case that is well reasoned and persuasive. In Anderson v. Anderson , No. 2016-CA-001502-ME, 2017 WL 1379778 (Ky. App. Apr. 14, 2017), a panel of this Court analyzed the issue by looking to our sister states for guidance. The Court found the following factors were utilized by those states and we believe them relevant to the case at hand:
(1) "the parent's purpose in removing the child from the state, rather than the length of the absence[;]" (2) "whether the parent remaining in the claimed home state believed the absence to be merely temporary[;]" (3) "whether the absence was of indefinite duration[;]" and (4) "the totality of the circumstances surrounding the child's absence."
Anderson at 4 (citations omitted).
Here, based on Appellant's testimony and the fact that we are accepting her statement of facts as true, it is clear that the children's absence from Colorado was only temporary. Appellant sent the children to Kentucky for the summer in lieu of finding child care in Colorado. While it is true the trip was only supposed to last a few weeks, but ended up lasting approximately 5 months, it was always Appellant's intention for the children to return to Colorado. Further, Appellant testified that she and Appellee had an agreement that the children would return to Colorado in December of 2015. Based on the Anderson factors listed above, we believe the children's absence from Colorado was temporary.
KRS 403.800(7) indicates that temporary absences from a state are included in the home state residency calculation period. This means that the children lived in Colorado from April of 2015 until the custody petition was filed on December 1, 2015. This is well beyond the 6-month home state requirement. Seeing as Colorado had jurisdiction over the children, the trial court erred in invoking KRS 403.822(1)(d).
Appellant raises other arguments on appeal, but they are moot since we are vacating the order.
Based on the foregoing, we vacate and remand.
ALL CONCUR.