RENDERED: APRIL 30, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1709-MR

RYAN JAMES RICHARDSON             APPELLANT

v.          APPEAL FROM SHELBY CIRCUIT COURT
HONORABLE S. MARIE HELLARD, JUDGE
ACTION NO. 19-CI-00446

ASIA NICOLE RICHARDSON            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, MAZE, AND L. THOMPSON, JUDGES.

LAMBERT, JUDGE: Ryan James Richardson appeals from the Shelby Circuit Court's order dismissing his motion for temporary custody. We affirm.

Ryan and Asia Nicole Richardson were married in Kentucky in March 2014. The couple has two daughters, born in 2014 and 2017. Asia is an active member of the United States Army. She has been stationed in Fort Hood, Texas, since 2018, and at one point she expected to be deployed to South Korea.

The parties separated in March 2019. Ryan returned to Kentucky to look for employment, and the children remained in Texas with Asia. Asia allowed the children to visit Ryan in June of that year, where according to him they have remained. Asia maintained that he refused to return them.

Asia filed a petition for dissolution of marriage in Texas on August 19, 2019. Four days later, Ryan filed a similar petition in Shelby County, Kentucky. Asia responded that, because she has not been a resident of Kentucky for the previous 180 days, there was no jurisdiction in Shelby County. On September 27 of that year, Ryan filed a motion for temporary custody of the children. He also filed a motion to file an amended complaint.

The Shelby Circuit Court held a hearing on October 16, 2019. The parties voiced their respective positions over jurisdiction, each asserting that their state of residence was proper. Ryan stated that he was preparing to go to Texas the next week to attend a hearing on the petition that Asia had filed there. The circuit court, at the hearing's conclusion, indicated that there would be a conference call with the Texas court, after which a ruling would be made, or another hearing would be convened on November 6, 2019.

On October 17, 2019, the Shelby Circuit Court ordered Ryan's motions dismissed, holding that, after speaking with Texas Judge LePak,

jurisdiction was in Bell County, Texas. Ryan filed his notice of appeal on November 15, 2019.

We note at the outset that Asia has not filed a brief before this Court.[1] These are the options ordinarily afforded us:

> If an appellee brief has not been filed within the time allowed, the court may:
>
> > (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.
>
> Kentucky Rules of Civil Procedure (CR) 76.12(8)(c). "The decision as to how to proceed in imposing such penalties is a matter committed to our discretion." *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007). Because the issues and facts are straightforward, we choose not to penalize [the Cabinet] for its failure to file a brief.

*Cabinet for Health and Family Services v. Loving Care, Inc.*, 590 S.W.3d 824, 826 (Ky. App. 2019). However, we are mindful that "[w]hile a party's failure to file a brief may be taken as a confession of error, CR 76.12(8)(c), such a sanction is inappropriate in appeals involving child custody or support." *Ellis v. Ellis*, 420

---

[1] Asia was represented by counsel before the circuit court. Counsel moved this Court to withdraw on December 27, 2019. On January 21, 2020, counsel's motion was granted, and the appeal was held in abeyance for 30 days for Asia to either find new counsel or file a *pro se* appellee brief. She has done neither. The matter was returned to the active docket February 21, 2020.

S.W.3d 528, 529 (Ky. App. 2014) (citing *Galloway v. Pruitt*, 469 S.W.2d 556, 557 (Ky. 1971)). Because this matter involves temporary custody of two children, we shall not impose any of the three penalties but rather shall consider the merits of the appeal. We accept Ryan's statements of the facts as correct, insofar as they do not conflict with the record, and proceed to the merits of this appeal.

We next enunciate our standard of review, namely:

> The primary issue before us on appeal is whether the trial court properly declined to exercise continuing exclusive jurisdiction in this matter. "Whether a trial court acts within its jurisdiction is a question of law; therefore, our review is *de novo*." *Biggs v. Biggs*, 301 S.W.3d 32, 33 ([Ky. App.] 2009).
>
> Kentucky adopted the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) in 2004. *Wallace v. Wallace*, 224 S.W.3d 587 (Ky. App. 2007). Under the UCCJEA, a state making the initial custody determination retains "exclusive, continuing jurisdiction over the determination" until such time as:
>
> > [a] court of this state determines that neither the child, nor the child and one (1) parent, nor the child and person acting as a parent have significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships[.]
>
> KRS 403.824(1)(a). "[T]he state having original jurisdiction maintains exclusive continuing jurisdiction though the child has acquired a new home state if the general requirement of the substantial connection

> jurisdictional provisions are met." *Wallace*, 224 S.W.3d at 590.

*Curry v. Curry*, 430 S.W.3d 909, 911 (Ky. App. 2014).

Here, the circuit court ruled that Texas was the proper forum for the parties' dissolution and child custody determinations. We find no error in this regard. The Richardsons had moved to Texas in October 2018. Even though Ryan insists that the children had been with him at his mother's home in Shelby County since June 2019, it has always been Asia's contention that the children remained here without her consent, making their absence from Texas temporary. *See Dellapenta v. Goldy*, 575 S.W.3d 697, 700 (Ky. App. 2018), where this Court held:

> KRS 403.800(7) indicates that temporary absences from a state are included in the home state residency calculation period. This means that the children lived in Colorado from April of 2015 until the custody petition was filed on December 1, 2015. This is well beyond the 6-month home state requirement. Seeing as Colorado had jurisdiction over the children, the trial court erred in invoking KRS 403.822(1)(d).

Thus, in the present case, the children's temporary absence from Texas was included in the home state residency calculation (which had at that time already exceeded the 180-day period required for residency). Texas was the proper jurisdiction for these matters, and the circuit court correctly declined jurisdiction in Kentucky.

Accordingly, the order of the Shelby Circuit Court is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:        NO BRIEF FOR APPELLEE

Jonathan D. Miller
Louisville, Kentucky